CASE 24—PETITION—JANUARY 30.

# Curry v. Stewart.

APPEAL FROM ROWAN CIRCUIT COURT.

1. A TEMPORARY REMOVAL FROM THE COUNTY BY A COUNTY OFFICER WILL NOT OF ITSELF VACATE HIS OFFICE.

   The county-judge of Rowan County with his family went into Bath County for the purpose of sawing lumber with a portable saw-mill, and took up a temporary residence in that county, intending to return when he had complied with certain contracts for sawing. *Held*, that this was not such a removal from the county as would of itself vacate his office.

2. A PERMANENT REMOVAL by a county or district officer from his county or district will at once *ipso facto* vacate his office.

3. The meaning of section 35, article 4 of the constitution of this state is that such offices shall become vacant by an actual change of residence from the county or district, as contradistinguished from a mere absence of the officer for some temporary purpose and for a limited time.

4. If an officer, without intending a permanent change of residence, so absents himself from his county or district as to be guilty of willful neglect in the discharge of his official duties, he is liable to a prosecution, as provided in section 36, article 4, of the Constitution of Kentucky, and, if convicted, removed from office; but the mere existence of such official neglect would not of itself operate to vacate the office.

E. C. PHISTER, . . . . . . . . . . . For Appellant,

CITED

Constitution of Kentucky, secs. 11, 12, art. 8.
Constitution of Kentucky, secs. 8, 32, 35, 36, art. 4.
Civil Code, sections 532, 536.
Revised Statutes, sec. 1, art. 6, chap. 32, 1 Stanton, 439.
Revised Statutes, sec. 8, art. 3, chap. 32, 1 Stanton, 434.
Bouvier's Law Dictionary, "Residence," "Resident."
Bacon's Abridgment, "Offices," "Officers."
2 Bush, 131, Myall v. Wright.
1 Metcalfe, 142, Stokes v. Kirkpatrick.
8 B. Monroe, 666, Auditor v. Hardin.

Curry v. Stewart.

J. M. NESBITT, . . .⎫
THOS. F. HARGIS, ⎬ . . . . . . . . For Appellee,
W. H. CORD, . .⎭
　　　　　　　　　CITED

Constitution of Kentucky, secs. 2, 32, 35, art. 4.
Constitution of Kentucky, sec. 11, art. 8.
Revised Statutes, 1 Stanton, 199, 325, 326, 330, 364, 365, 418, 419.
Revised Statutes, 2 Stanton, 348, 407, 278, 190.
Revised Statutes, secs. 8, 9, 10, art. 3, chap. 32.
Statute of Henry VIII., chapter 13. ·
8 B. Monroe, 665, Auditor v. Hardin.
1 Monroe, 86.　　　3 Littell, 459.　　　4 B. Monroe, 229.
5 Bush, 323, Wilson, &c. v. Snelling, &c.
3 Metcalfe, 127, Brown v. Winston.
4 Bush, 89, Hoglan v. Carpenter.
1 Cooper, 431.　　　1 J. J. Marshall, 366.
13 B. Monroe, Hunt v. Wilson.

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT.

The appellant, James Curry, who in 1870 was elected, commissioned, and qualified as judge of the Rowan County Court, brought this action in May, 1871, against the appellee, James Stewart, alleging, in substance and effect, that on the ' 1st day of March, 1871, and afterward the defendant had usurped his said office, and taken possession of part of the books and public records belonging thereto, and unlawfully performed the duties of the office; and had collected and was then collecting and appropriating to his own use the salary, fees, and perquisites of the office, without the plaintiff's consent; wherefore he prayed that Stewart be declared a usurper, and ordered and compelled to restore to the plaintiff the books and records pertaining to the office, and for a judgment against him for damages.

In the defense it was substantially alleged and proved that after the plaintiff became county judge, as aforesaid, he removed with his family into Bath County, a distance of about two miles from his former residence; and the clerk of the Rowan County Court, considering the office of judge to have

thus become vacant, issued a writ for the purpose of electing a person to fill the office, and the appellee was thereunder elected judge, and was commissioned and qualified as the successor in office of the appellant.

The issue thus briefly indicated was tried by a jury, and a verdict and judgment were rendered for the defendant, and this appeal seeks a reversal of that judgment.

Waiving the consideration of some preliminary questions relating to the selection of a special judge to try the case, and the trial by a jury instead of the court, in which we perceive no available error to the appellant's prejudice, we will proceed to dispose of the only inquiry presented which we deem essential.

While the fact was clearly established that the appellant did, for a particular purpose, leave his farm and part of his personal property in Rowan County in the possession of a tenant, and go with his family and remain for several months in Bath County, where, in compliance with certain contracts, he was operating a portable saw-mill, occupying with his family in the mean time a house or shanty constructed with lumber from his mill, and otherwise manifesting a purpose of taking up a temporary residence in Bath County, the evidence conduces strongly to show that he at no time intended to permanently change his residence, or to abandon any of his rights and privileges as a resident of Rowan County, or to acquire those of a resident citizen of Bath. Nevertheless the court, at the instance of the defendant, instructed the jury, in unqualified terms, to the effect that such a removal by the plaintiff from Rowan County and such a residence in Bath operated to vacate his office; and refused to instruct the jury, as asked by the plaintiff, in substance, that if they believed from the evidence that his intention in going to Bath County was to reside there only for a temporary purpose and a short time, and with the intention of returning to Rowan

County to live when that purpose should be accomplished, then they ought to find for the plaintiff.

We do not doubt that under the provisions of the constitution, to which our attention has been drawn in the argument of this case, a permanent removal or change of residence by the appellant from Rowan to Bath County would have at once vacated his office, and constituted a valid defense for his successor in a direct proceeding like this. But we are of the opinion that the true meaning of the clause of the 35th section of article 4 of the constitution, that "county and district officers shall vacate their offices by removal from the district or county in which they shall be appointed," is that such offices shall become vacant by an actual change of residence from the district or county, as contradistinguished from a mere absence of the officer for some temporary purpose, and for a limited time, whether accompanied by his family or not, and whatever may be his mode of living during such absence.

If a county judge or other officer, without intending a permanent change of residence, so absents himself from his county or district as to be guilty of "willful neglect" in the discharge of his official duties, he may be liable to a prosecution in the manner provided for by section 36 of article 4 of the constitution, and, if convicted, removed from office by the judgment of a proper tribunal; but certainly the mere existence of such official neglect would not of itself operate to vacate the office.

Wherefore, the action of the court on the motions to instruct the jury being incompatible with the foregoing views and conclusions of this court, the judgment is reversed, and the cause remanded for a new trial and further proceedings not inconsistent with this opinion.