## Scott, et al. v. Blackburn, et al.

(Decided January 10, 1928.)

### Appeal from Pike Circuit Court.

Schools and School Districts.—Under Stats., sec. 4399a-7, as amended by Acts 1924, c. 52, sec. 3, where subdistrict trustee recommended teacher possessing necessary educational and moral qualifications, it was duty of county board of education to elect that person, and board was without authority to elect another qualified teacher recommended by county superintendent instead.

STRATTON & STEPHENSON for appellants.

KEESEE & BURKE for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Reversing.

Illa Scott, who was an applicant for the position of teacher in common school No. 120, Pike county, for the school year 1927-28, and Will Meade, the subdistrict trustee, brought this action against Shirley Blackburn, who was elected a teacher by the Pike county board of education, and the members of the board, to enjoin Shirley Blackburn from teaching, and for a mandatory injunction requiring the members of the board to reassemble and appoint Illa Scott as teacher. On final hearing, the petition was dismissed, and plaintiffs have appealed.

The agreed facts are these: Both Illa Scott and Shirley Blackburn are qualified to teach, and no question is made as to the educational qualifications or the moral character of either. Illa Scott was recommended in writing by Meade, the subdistrict trustee. Shirley Blackburn was recommended by Fonso Wright, the county superintendent. The county board of education ignored the recommendation of the subdistrict trustee and elected Shirley Blackburn, who was not recommended by him, but was recommended by the county superintendent.

The controlling statute, which is section 4399a-7, formerly read as follows:

"The county board of education shall appoint on the written recommendation of the county superintendent from a list of names submitted by him all principals, assistant principals, and teachers and fix their salaries subject to the provisions of law.

"For incompetency, neglect of duty or immoral conduct, the county board of education may suspend or remove from office the county superintendent or any of his professional assistants, any principals, assistant principal or teacher or subdistrict trustee. . . ."

In 1924 (c. 52, Sec. 3) the applicable portion of the statute was amended so as to read as follows:

"The county board of education shall on written recommendation of subdistrict trustees appoint all principals, teachers and supervisors from a list of names of qualified and available persons submitted by him in writing, and shall fix their salaries subject to the provisions of law; provided, that each subdistrict trustee may recommend a teacher to the county superintendent before teachers are appointed by the county board of education, and may recommend more than one if more than one are to be employed for his subdistrict, and it shall be the duty of the county superintendent to include in the list of teachers reported by him to the county board of education all qualified teachers so recommended to him in writing. If any teacher positions remain unfilled after reasonable time and repeated opportunities are given for nominations as hereinbefore provided, the board of education may then receive recommendations of qualified teachers by any member of the board, and may, in its discretion, appoint such teachers. . . ."

Counsel for appellee insist that the ruling of the trial court finds support in the case of Foreman v. Board of Education, 219 Ky. 573. 293 S. W. 1058. An examination of that case discloses that the county board of education found that the persons recommended by the subdistrict trustee were not qualified. We held that the county board of education was vested with the discretion to de-

termine whether the teacher recommended by the subdistrict trustee was qualified or not; that it did not have to elect a teacher who was not qualified and then prefer charges and remove him, but could decline to elect him in the first instance. That is as far as the decision went, although it may be true that the language employed in the opinion was a little too broad and went beyond the question actually involved.

It will be observed that under the act in effect prior to 1924 the county board of education was required to appoint all principals, assistant principals, and teachers on the written recommendation of the county superintendent from a list of names submitted by him, while under the act of 1924 the appointment of all principals and teachers is required to be made on the written recommendation of the subdistrict trustee from a list of qualified and available persons submitted by him in writing. The act goes further, and makes it the duty of the county superintendent to include in the list of teachers reported by him to the county board of education all qualified teachers so recommended to him in writing. If, however, any positions remain unfilled after reasonable time, and repeated opportunities are given for nominations by the subdistrict trustee, the board of education may then receive recommendations of qualified teachers by any member of the board, and may in its discretion appoint such teachers. Manifestly, the plain purpose of the act of 1924 was to place the power of recommendation in the subdistrict trustee instead of the county superintendent. Were we to hold that the county board of education could ignore the written recommendation of the subdistrict trustee where the teacher recommended was qualified in every way, the result would be to give no effect whatever to the change made by the act of 1924. We are therefore of the opinion that, where the subdistrict trustee recommends a teacher who possesses the necessary educational and moral qualifications, it is the duty of the county board of education to elect that person and no other. Such is the view taken by the different judges of this court where the question arose on an application for a temporary injunction, and it is now adopted by the whole court.

It follows that the Pike county board of education was without authority to elect Shirley Blackburn and that appellants are entitled to the relief prayed.

Judgment reversed, and cause remanded, with directions to enter judgment in conformity with this opinion.