## Lovelace, et al. v. Steinbeck, et al.

(Decided October 5, 1928.)

### Appeal from Carlisle Circuit Court.

1. Schools and School Districts.—Where applicant for school had certificate, which would expire before time school would begin, she was qualified teacher whom county board must elect, where indorsed by subdistrict trustee, since employment of such teacher is conditioned on her taking examination and obtaining certificate.
2. Appeal and Error.—Judgment of chancellor on conflicting questions of fact, when appellate court is in doubt as to facts, will not be disturbed on appeal.
3. Schools and School Districts.—Subdistrict trustee having recommended teacher who possessed necessary qualifications, it was duty of county board of education to elect her, as against one whose application did not bear indorsement of subdistrict trustee.

M. C. ANDERSON and R. O. WILLINGHAM for appellants.

R. M. SHELBOURNE for appellees.

Opinion of the Court by Drury, Commissioner—
Affirming.

On April 7, 1928, Annye M. Steinbeck was an appli-
cant for the position of teacher in subdistrict 12 (Donald-
son), of Carlisle county, Kentucky, for the school year
1928, and her application bore the indorsement and ap-
proval of Ed Edwards, subdistrict trustee. The county
board of education, however, declined to elect Mrs. Stein-
beck, and elected Miss Gladys Lovelace, whose applica-
tion did not bear the indorsement of the subdistrict trus-
tee. On May 14, 1928, Mrs. Steinbeck and the trustee,
Edwards, by their suit in equity, against Miss Lovelace,
the county board of education, and the superintendent of
schools of Carlisle county, sought to enjoin Miss Love-
lace from carrying out the contract, and teaching the
school, and sought a mandatory injunction, requiring the
county board of education and the county superintendent
of schools to convene and rescind the order appointing
Miss Lovelace, and to appoint Mrs. Steinbeck as teacher
for that school. Issue was joined, proof heard, and the
court granted to Mrs. Steinbeck the relief she sought,
from which judgment Miss Lovelace, the board of educa-
tion, and the superintendent have appealed.

The appellants, for the reversal of that judgment,
urge that Mrs. Steinbeck, at the time of her application,
did not have a certificate to teach in Carlisle county, and
that she did not have the necessary qualifications pre-
scribed by the board. Mrs. Steinbeck then had a certifi-
cate which would expire on June 30, 1928, which was
before the time that this school to be taught by Mrs.
Steinbeck would begin, and they say that therefore she
was not a qualified teacher within the meaning of the
law; but that question was decided adversely to the ap-
plicants' contention in the case of Crowe v. Yates, 219
Ky. 49, 292 S. W. 483. Parties, in contracting, must
have in contemplation the provisions of the law relative
thereto; hence, when a teacher is employed, who has not
a certificate, or whose certificate will expire before the
beginning of the term for which she is employed, such
employment is conditioned upon her taking an examina-
tion and obtaining a certificate. If Mrs. Steinbeck did
this, she is entitled to this employment; otherwise, she is
not. This record shows Mrs. Steinbeck entered the ex-
amination held on May 24, 1928; this judgment was ren-
dered on June 16, 1928, and it is probable that the result
of that examination was not then known; at least, this

record does not show it. Her old certificate had not then expired. If she failed in that examination, that is a matter that is not before us. In this opinion we are dealing with the situation as this record shows it was on June 16, 1928.

Their next contention is that the board had, by an order duly and regularly entered upon its records, fixed the scholastic qualifications of teachers who should teach in Carlisle county, Kentucky, and that, by those requirements, all teachers had to have at least 16 units of standard high school credits to enable them to do so. The proof upon that subject is conflicting; it being contended by Mrs. Steinbeck that she had 17½ credits, while the appellants insist she only had 10 5/6 credits. It appears to us that the weight of the evidence sustains the contention of Mrs. Steinbeck. The lower court by its judgment sustained her contention, and, under our rule, the judgment of the chancellor upon conflicting questions of fact, when we are in doubt as to the facts, will not be disturbed. The subdistrict trustee having theretofore recommended Mrs. Steinbeck, and she possessing the necessary qualifications, it was the duty of the county board of education to elect her. See Scott v. Blackburn, 222 Ky. 514, 1 S. W. (2d) 977.

The judgment is affirmed.