## Rice et al. v. Gilliam et al.

(Decided November 30, 1928.)

### Appeal from Elliott Circuit Court.

1. Schools and School Districts.—Evidence held sufficient to support court's finding that there was no selection of teacher by county board of education for subdistrict before teacher nominated by subdistrict trustee became qualified.

2. Schools and School Districts.—County board of education was under mandatory duty to elect teacher nominated by subdistrict trustee, where he was qualified at time of meeting at which selec-

tion of teacher was to be made, though he had no teacher's certificate at time he was nominated.

3. Schools and School Districts.—Under Ky. Stats., Supp. 1926, sec. 4399a-7, county board of education cannot elect teachers on any recommendation other than that of subdistrict trustee, without giving such trustee ample opportunity to make nomination, and member of county board has right to make nomination only when subdistrict trustee has failed to exercise right after being given ample opportunity.

M. C. REDWINE, JOHN T. REDWINE and TURNER & CREAL for appellants.

W. E. MOBLEY for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

On June 16, 1928, the county board of education of Elliott county met in regular session, for the purpose, among other things, of employing teachers for the county schools for the school year 1928-29, which was to begin July 16th following. The appellee Stapleton, who was the subdistrict trustee for subdistrict No. 35 of that county, had recommended in writing for the teacher in his subdistrict for the coming year the appellee Virgil Gilliam. At that time Gilliam had no teacher's certificate, and, although he had taken the state examination for one, the result of such examination was not then known. It turned out that he successfully passed the examination and was awarded a teacher's certificate on July 2, 1928. Just what happened at the meeting of June 16th is in some dispute. The appellant Frances Rice, who was the daughter-in-law of W. F. Rice, a member of the county board of education, was an applicant at this time for the appointment as teacher in this sub-district No. 35, but she did not have and never has had the recommendation of the subdistrict trustee of that subdistrict. She contends, however, that she was appointed as such teacher at this meeting of June 16th on the recommendation of her father-in-law, and that he had the right at that time, under the statute, to make such recommendation, since the subdistrict trustee had not then recommended a "qualified" person as teacher as the statute requires. See Kentucky Statutes, Supp. 1926, sec. 4399a7. To support her contention she introduces her father-in-law and the county school superintendent, who in a vague way say that Mrs. Rice was "agreed

upon'' on June 16th as the teacher for this subdistrict, but admit that neither she nor any one else was employed at that time. They explain that the failure to employ her at that time was due to the fact that the "teachers' contract blanks" furnished by the state board of education had given out before the board reached the teachers in Rice's educational subdivision, and for this reason the board passed the employment of these teachers to a meeting to be held July 14th.

The appellee's evidence satisfactorily shows that this so-called agreement which Mrs. Rice relies upon was not the result of any action on the part of the board as such. Some of the members of the board met in the store of the county school superintendent's husband prior to the meeting of June 16th, and in an informal caucus agreed, among other things, upon Mrs. Rice as a teacher. They then repaired to the meeting, but the proof is silent and barren of any evidence that the board by any action on its part as such at the meeting of June 16th determined on Mrs. Rice as a teacher. Indeed one member of the board, Mr. Wiles S. Brown, specifically denies that Mrs. Rice was agreed upon by any action of the board at its meeting of June 16th. Although it is true that the actions of a county board of education may be established other than by its records, as was decided in Board of Education of Pulaski County v. Jasper, 193 Ky. 222, 235 S. W. 366, yet it is the actions of the board which are to be so established and not some private arrangement or agreement between some members of the board. The board adjourned, met again on July 2d without this matter of the teachers coming up, and then met again on July 14th. The county school superintendent was necessarily absent from the county when the meeting of July 14th was held, but Stapleton again presented to the county board his written recommendation of Gilliam, who then possessed a teacher's certificate. A vote was thereupon taken by the board on the names of Gilliam and Mrs. Rice. This action demonstrates that Mrs. Rice had not been selected by any action of the board at the meeting of June 16th, for, had she been, there would have been no necessity for taking the vote at the meeting of July 14th. Indeed, W. F. Rice testifies that they were just about to vote in this meeting of July 14th on the different names of the proposed teachers for the places not filled at the June 16th meeting when Stapleton presented

his recommendation of Gilliam. This statement substantiates appellees' contention that the actual selection of the teachers for the division represented by W. F. Rice had been deferred until the meeting of July 14th, although in this caucus to which we have referred, but which was not any action on the part of the board, Mrs. Rice had been agreed upon. The board by vote of three to one elected Mrs. Rice. Thereupon Gilliam brought this suit to enjoin Mrs. Rice teaching the school in subdistrict No. 35 for the coming year, and to compel the county board to employ him. The lower court granted him the relief he sought, and Mrs. Rice has appealed, making, as the record shows, the county board of education of Elliott county and its members parties appellant, without authority.

Without deciding whether or not, under the case of Lovelace v. Steinbeck, 225 Ky. 669, 9 S. W. (2d) 1002, had the county board of education selected a teacher for subdistrict No. 35 on June 16th, it would have been its duty to have employed Gilliam subject to his successfully passing the examination he had taken, we concur in the finding of the lower court that the preponderance of the evidence is to the effect that there was no selection of a teacher by the board for this subdistrict at this meeting of June 16th, and that this matter was left open until the meeting of July 14th. This being true, under the case of Scott v. Blackburn, 222 Ky. 514, 1 S. W. (2d) 977, it was the mandatory duty of the board to elect the person nominated by the subdistrict trustee if such person was then qualified, and it is not contended that Gilliam was not thoroughly qualified at this time. While conceding the force of the rule laid down in the Scott case, supra, the appellant contends that, as the subdistrict trustee had had several opportunities prior to the meeting of July 14th to nominate a qualified person as teacher and had failed to do so, then any member of a county board of education had the right to make the nomination because section 4399a7 of the statutes above referred to provides that, if any position remains unfilled after "reasonable time and repeated opportunities" are given for nomination by the subdistrict trustee, then any member of the county board of education may make a recommendation, and the board may elect those so recommended. We are of opinion, however, that this statute means that the county board of education cannot elect teachers on any recommendation other than that of the

subdistrict trustee without giving such subdistrict trustee ample opportunity to make a nomination, but that, if the subdistrict trustee does make a nomination at any time prior to the actual election of the teacher, it is the duty of the board to elect the one so recommended by the subdistrict trustee, providing the one so recommended be qualified as the statute requires. It was plainly the purpose of the Legislature to vest the right of recommendation in the subdistrict trustee, and to give any member of the county board such right only when the subdistrict trustee had failed to exercise his right. In order to carry out this purpose of the Legislature, any recommendation of a qualified nominee by the subdistrict trustee made prior to the actual election of the teacher must prevail, but, if the subdistrict trustee has been given ample opportunity prior to the election to make such a recommendation and fails to do so, then any member of the county board of education may make a nomination. It follows that, as Gilliam was qualified at the meeting of July 14th, and as no teacher had theretofore been elected for this subdistrict, it was the duty of the county board of education to employ him. The judgment of the lower court being in accord with these views, it is affirmed.

As the county board of education and its members were made parties appellant without authority, the appellant Mrs. Rice will alone bear the costs of this appeal.