## Warren County Board of Education et al. v. Brunson.

(Decided October 2, 1931.)

CHARLES R. BELL for appellants.

JOHN H. GILLIAM for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Reversing.

Miss Mary Elizabeth Brunson was successful in her suit to be allowed to teach the Stephens Chapel district school in Warren county, and the Warren county board of education and the teacher selected by it, Mrs. Carl E. Miller, have appealed.

Arthur Manning is subdistrict trustee in Stephens Chapel district in Warren county, Ky., and has the right to nominate a teacher to teach the school in that district.

On May 16, 1931, one of his nominees who had been elected on May 11, 1931, resigned. On May 20th Miss Brunson applied to him for the school and Manning agreed to give her a written recommendation. It is admitted she is a qualified and available teacher and holds a life certificate to teach school in Warren county. On May 21st, Miss Brunson visited the office of the superintendent of schools and there signed and left with him an application for the school, and told him Mr. Manning would recommend her.

Manning promised to come in and recommend her on May 23rd, but he did not come. Miss Brunson learned of this early the next week and visited the office of the superintendent and inquired about it twice during that week. Manning came in on Saturday afternoon, May 30th (Decoration Day), and found the office closed. He came back on Monday, June 1st, arriving after the school board had convened. He elected not to disturb the meeting and waited around until the meeting adjourned about 12:30, when he learned Mrs. Miller had been appointed. On July 7, 1931, Miss Brunson filed this suit, with the result stated above.

The rights of these parties are fixed by section 4399a-7, Ky. Stats., the applicable part of which is: "The county board of education shall on written recommendation of subdistrict trustees appoint all principals, teachers and supervisors from a list of names of qualified and available persons submitted by him in writing. . . . If any teacher positions remain unfilled after reasonable time and repeated opportunities are given for nominations as hereinbefore provided, the board of education may then receive recommendations of qualified teachers by any member of the board, and may, in its discretion, appoint such teachers."

But one question is presented. Did Mr. Manning have a reasonable time and repeated opportunities to recommend a teacher after May 16th and before June 1st? The answer is, "Yes." Mr. Manning lived on a good road and enjoyed a daily rural free delivery postal service. He could have written a letter to the superintendent and have mailed it to him, or he could have written him one and sent it by Miss Brunson when he promised her the school. When he failed to do either of these things, the board was acting within its rights in selecting some one else to teach the school.

The injunction entered by the trial court is dissolved, the judgment is reversed, and the petition is dismissed.