## Asher v. Jones.

(Decided November 6, 1931.)

M. C. BEGLEY for appellant.

J. M. MUNCY for appellee.

OPINION OF THE COURT BY JUDGE BRATCHER—Affirming.

This action grew out of a dispute between the appellant, George Mat Asher, and the appellee, S. H. Jones, over the right to teach the school in subdistrict No. 52 of Leslie county, Ky. The appellee, Jones, was employed by the board of education of Leslie county, on the 22d day of June; the school was to begin on the 12th day of July. Susie Simpson was the subdistrict trustee. In the early part of April, the subdistrict trustee recommended to the board of education, for employment, one

Albert Slusher. Along about the first day of May, Slusher notified the superintendent, declining to accept the employment as teacher .for the school, and no other recommendation having been made by the subdistrict trustee, on the 23d day of June, the board of education, on the recommendation of some of its members, employed the appellee, Jones.

When Jones appeared at the subdistrict school to begin the school on July 12, the appellant George Mat Asher was there and forbade his teaching the school, and said, "He was the teacher and if he didn't teach that school no body else would," and attempted to install himself as teacher. This action was then filed in the circuit court of Leslie county to enjoin Asher from teaching the school. By answers and cross-petition the county board of education and its members were made party defendants. The defendant Asher in his cross-petition asked for a mandatory injunction against the board of education compelling them to award him the contract to teach this school. Issues were made and the proof taken, and upon final submission the court, by its judgment, granted to the appellee, Jones, the relief asked for in his original petition and dismissed the answer and cross-petition of the defendant, Asher.

The appellant Asher's claim of right to teach in the school is based upon the allegation that he had the recommendation of the subdistrict trustee, and that the board of education was without right or authority to ignore that recommendation and employ Jones. The subdistrict trustee, Susie Simpson, recommended to the board of education, early in April, Albert Slusher. She says that as Slusher declined to accept the employment, on May 7, she recommonded George Mat Asher as teacher for the school. This recommendation was mailed to the Superintendent, who is ex officio secretary to the board of education. No acknowledgement of this letter was ever received by her. She states that on or about the first day of June, she sent another recommendation to the board of education recommending the appellant Asher, and that this recommendation was not acknowledged, and on the 23d day of June she registered the recommendation of the appellant Asher. She says this registered letter was received in Hyden June 24, but the superintendent refused to take it out of the office until the 2d day of July. It is a firmly established law in this commonwealth that the county board of education is re-

quired to follow the recommendation of the subdistrict trustee when reasonably made in the employment of teachers. Section 4399a-7, Kentucky Statutes; Scott v. Blackburn, 222 Ky. 514, 1 S. W. (2d) 977; Lovelace v. Steinbeck, 225 Ky. 669, 9 S. W. (2d) 1002; Rice v. Gilliam, 226 Ky. 613, 11 S. W. (2d) 431.

In this case the trustee made a recommendation. The teacher recommended had declined to accept the employment. This fact was well known to the trustee. From May 1, or thereabout, no recommendation was made by the subdistrict trustee or received at least by the superintendent or by the board of education until the 24th day of June, one day after appellee Jones had been employed to teach the school. It is an equally well-established rule in this state that where sufficient time and repeated opportunity is given to the trustee to make a recommendation and he fails or refused to do. so, the board of education may, upon its own motion, employ a suitable teacher for his school. Here it is testified by the superintendent and by one member of the board of education that no other recommendation was ever received from the subdistrict trustee, except that of Slusher, until on the 2d day of July, when the registered recommendations of the appellant Asher was received. Prior to the receipt of this application, the board had upon its last meeting for that purpose, on the 22d day of June, employed the appellee, Jones, to teach the school. This registered application was mailed on the 23d day of June and received in Hyden on the 24th day of June. Superintendent, being absent from town, did not receive his registered mail until after his return on the 2d day of July. However, from the 1st day of May until the 23d day of June no recommendation had ever been made and received by the board of education from this subdistrict trustee. The board of · education deferred the employment of a teacher for this school until its last meeting for that purpose, and then in the absence of any recommendation from the subdistrict trustee, upon its own motion, employed the appellee, Jones. The subdistrict trustee is positive that she mailed three recommendations to the superintendent, two by unregistered letters and one by registered letter; the registered letter being mailed after the employment of the appellee, Jones, and of course, received several days after his employment. The superintendent is equally positive that he did not receive the first two recommendations, but he admits receiving the third and registered

one. It would be conducive to uncertainty, doubt, and oftentimes rank fraud to give full credit to and hold that a public officer was bound by the statement of a person upon whom a duty devolved and allow him to excuse himself by saying that he wrote a letter. While, as a general rule, letters properly placed in the United States mail reach their destination, sometimes there is a miscarriage of the mail; but it would open the flood gates for the rankest kind of imposition to hold this superintendent and this board of education were bound by these letters said to have been mailed them, but, so far as this record shows, never received. It was the duty of the board of education to give the subdistrict trustee ample time and opportunity to make a recommendation after the refusal of Slusher, and, as this was done, the board was in its right in the employment of Jones, and we are so holding. Warren County Board of Education v. Brunson, 240 Ky. 526, 42 S. W. (2d) —, decided October 2, 1931; section 4399a-7.

The judgment of the lower court is therefore affirmed.