## Ellis et al. v. Van Horn.

(Decided Oct. 7, 1932.)

C. F. SEE, Jr., for appellants.

VINSON & MILLER for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

The Lawrence county board of education under-took to employ Miss Claudia M. Ellis to teach the school in subdistrict No. 98, for the school year 1932-33. Miss Marie Van Horn contested their right to do so, and in this action begun by her she was successful, and

Miss Ellis and the board of education have appealed.

The following paper is the genesis of this controversy:

"March 2, 1932, I, the district trustee, recommend Marie Van Horn for teacher at Seed Tick School, district No. 98, for the coming year. Damer White."

The next happening was the execution of this paper:

"March 18, 1932, To the Lawrence County Board of Education. Gentlemen: Please accept my resignation as school trustee in district No. 98. Damer White, Trustee."

On March 21st the father of Miss Ellis filed this resignation in the office of Mr. Dock Jordan, the superintendent of schools in Lawrence county. On March 30th Miss Van Horn filed with Mr. Jordan the recommendation signed by Mr. White. On April 2d the Lawrence county board of education met in Mr. Jordan's office. Mr. White was there, and he or some one for him stated he desired to withdraw this resignation. He was not allowed to do so. Mr. White was asked by Mr. Jordan if he had signed this resignation, and, when he said he had, Mr. Jordan announced that he was ready for a motion, whereupon the board went through the form of accepting it and electing his successor. The minutes made of that action reads thus: "George Allen was appointed trustee in district 98 to fill the vacancy caused by the resignation of Damer White."

Mr. Allen qualified at once, and thereafter an undated paper signed by him, and recommending Miss Claudia M. Ellis, was filed with the board of education.

On July 1st the board of education went through the form of employing Miss Ellis to teach the school for 1932-33 in subdistrict No. 98. There was then on file with the board of education the recommendation of Miss Van Horn signed by Damer White and the recommendation of Miss Ellis signed by George Allen. It is admitted that on July 1st each of these young women possessed every legal and educational requirement to enable the board to contract with her.

It is contended that the resignation of Mr. White annulled his recommendation of Miss Van Horn, but

that is unsound. Suppose on March 18th Mr. White had been killed in an automobile collision, that would most certainly have made a vacancy in the office of sub-district trustee for district No. 98, but no one would for a moment argue that Miss Van Horn's recommendation would be thereby annulled. Of course, if there had been a vacancy to be filled and Mr. Allen had been duly elected to fill it, he could, thereafter withdraw the recommendation of Miss Van Horn made by Mr. White, but he did not attempt to do so. Both he and the board of education treated the recommendation of Miss Van Horn as a nullity and proceded accordingly. It must be admitted that the board of education and Mr. Allen did everything they could do that he might become such subdistrict trustee, but the question is, Was there a vacancy in the office of subdistrict trustee to be filled? Of course, the board of education has power to accept resignations and to fill the vacancies thereby created, but the question is, Was there on April 2d then before the board of education the resignation of Damer White? The answer to that question requires that we answer another question, the answer to which is the solution of the entire problem. That question is, Where an official has tendered his resignation to the body having power to accept it and to elect his successor, can he, before that body has taken any action thereon, withdraw that resignation? The answer is, he can. See McQuillan on Municipal Ordinances, vol. 2, sec. 515; 22 R. C. L. p. 559, sec. 262; 46 C. J. p. 980, sec. 135; State v. Stickley, 80 S. C. 64, 61 S. E. 211, 128 Am. St. Rep. 855, 15 Ann Cas. 136; Edwards v. U. S., 103 U. S. 471, 26 L. Ed. 314; Rockingham County v. Luten Bridge Co. (C. C. A.) 35 F. (2d) 301, 66 A. L. R. 735.

White's resignation had been tendered to the board of education, but that did not create a vacancy. It must be accepted before there is a vacancy, and, before the board took action upon it, White sought to withdraw it. He did not repossess himself of the paper, but that is not necessary. See State v. Stickley, 80 S. C. 64, 61 S. E. 211, 128 Am. St. Rep. 855, 15 Ann. Cas. 136. His expressed desire to withdraw it is all that is needed.

Quite a bit of this record is devoted to why White resigned and why he withdrew his resignation. That is not material. He probably resigned because he wanted to and withdrew it because he had changed his

mind. He could do either without giving any reason why.

After Mr. White or some one for him in his presence expressed his desire to withdraw his proposed resignation, there was no proposed resignation before the board for it to accept, and all it attempted to do relative thereto was a nullity.

Thus, after it is found Mr. White is the legal trustee of this subdistrict 98, it follows the board of education must employ Miss Van Horn, the teacher he recommended. See Scott v. Blackburn, 222 Ky. 514, 1 S. W. (2d) 977; Rice v. Gilliam, 226 Ky. 613, 11 S. W. (2d) 431; Logan County Board of Education v. Fowler, 241 Ky. 166, 43 S. W. (2d) 691; Cartee v. Lewis County Board of Education, 242 Ky. 748, 47 S. W. (2d) 742.

The finding of the trial court is in harmony with this; therefore the judgment is affirmed.