## Trosper et al. v. Woodford County Board of Education et al.

(Decided April 28, 1933.)

R. W. KEENON, ROBT. B. FRANKLIN and R. H. TOMLINSON for appellants.

HARRY SCHOBERTH and LOUIS MORANCY for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

This suit was brought by the appellant Mrs. Dorothy L. Trosper to compel the appellee Woodford County Board of Education to employ her as teacher in school subdistrict No. 2 of Woodford county for the school year 1932-33, and to enjoin the appellee George Shelbourne from teaching in her place in that school for that year. The trial court dismissed her petition, and from that judgment this appeal is prosecuted.

The facts are these: On March 26, 1932, Tyler Bartlett, the subdistrict trustee for this subdistrict in question, recommended in writing for the teachers of the school of this subdistrict, it then being a two-teacher school, the appellant Mrs. Dorothy L. Trosper and the appellee George Shelbourne. Since in the case of a two-teacher school it is necessary to designate which of the two teachers shall be the principal, Bartlett in his written recommendation of Mrs. Trosper for teacher indicated his choice of her as such principal. On July 2, 1932, pursuant to chapter 79 of the Acts of 1932, an election for three subdistrict trustees in this district was held, and Tyler Bartlett, W. R. Markwell, and Wilbur Sutherland were elected. They promptly approved and ratified Bartlett's recommendations for

teachers in this subdistrict which he had made in March. On July 23, 1932, the county board of education met. At this meeting, it was decided by the board that this school should be reduced from a two-teacher school to a one-teacher school. As to the right of the board thus to decide there can be no question. However, at this same meeting and without informing the trustees of this subdistrict of its action in reducing the school from the status of a two-teacher school to that of a one-teacher school, and without giving them any opportunity to indicate which of the two teachers theretofore recommended they wished to fill the only place open or to make any further or different recommendation, the board proceeded to and did elect Mr. Shelbourne to teach this school. On August 6th following, the subdistrict trustees appeared before the board and made known to the board that, as between Mr. Shelbourne and Mrs. Trosper, they preferred Mrs. Trosper to teach the school. This was done orally, and it does not appear that the board made any minute of this proceeding on its minutes. In this state of case, it is insisted by the board, and the trial court so held, that, as at the time the board elected teachers there were two teachers recommended and neither recommendation had been withdrawn, it had the right after it had reduced the school to a one-teacher school to select which one of the two teachers recommended it desired. In this the board is in error. Whether the educational policy be a wise one or not, the people and their representatives in the Legislature have in no uncertain terms indicated that the selection of teachers for the subdistrict schools is confided to the subdistrict trustees and, if they select one qualified, the board has nothing to do but to ratify that selection. The board may select the teacher only after the trustees have been given a reasonable opportunity to make known their choice and have failed to do so. So absolute is this principle, that it has even been held that, where there is a vacancy in the office of subdistrict trustee, the board may not select a teacher for that subdistrict until it has filled the vacancy in the office of subdistrict trustee and then allowed him a reasonable time to make a recommendation for teacher. Logan County Board of Education v. Fowler, 241 Ky. 166, 43 S. W. (2d) 691. Now section 4399a-7 of the Statutes specifically authorizes a subdistrict trustee to make as many recom-

mendations for teachers in his subdistrict as there are positions open to be filled. Hence the trustees acted fully within their rights at the time they recommended both Mrs. Trosper and Mr. Shelbourne, for then this school was a two-teacher school. They were recommending teachers for a two-teacher school. In no sense were they recommending two teachers for a one-teacher school. When the board reduced this two-teacher school to a one-teacher school, it could not say and indeed no one could say whether it had abolished the position which the subdistrict trustees wished Mrs. Trosper to fill or that which they wished Mr. Shelbourne to fill. To carry out the spirit and intent and plain purpose of the statute, it was the board's duty to apprise the subdistrict trustees of their action and to afford them a reasonable opportunity to make known their recommendation for the one position left. Otherwise the board plainly takes from the subdistrict trustees the real choice of teacher for the subdistrict. It follows that the board had no right at its July meeting to elect Mr. Shelbourne to teach this school.

As the board's action in reducing the school from the status of a two-teacher school to that of a one-teacher school had the effect of nullifying the recommendations theretofore made, it was not necessary for the subdistrict trustees to withdraw the recommendations theretofore made by them. It was open to them to make a recommendation as though none had ever been made, and this they did by in effect refiling Mrs. Trosper's recommendation with the superintendent and board. There being no question as to her qualifications, it then became the board's duty to elect her. The trial court should have so ordered.

Judgment reversed, with instructions to enter a judgment in conformity with this opinion.

Whole court sitting; Perry, J., dissenting.