## Evans v. Bourbon County Board of Education et al.

(Decided March 5, 1935.)

R. W. KEENON for appellant.

GENE LAIR for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Affirming.

Louisa T. Evans instituted this action against the board of education of Bourbon county and the individual members thereof, J. M. McVey, county school superintendent, and Robert Thomas, a teacher, employed to teach in subdistrict C of Bourbon county known as the Currentsville school. She alleged that she had been teaching in this subdistrict for 20 years, and during all that time and at the time of the institution of this action possesses all the qualifications required for a teacher therein; that J. L. Ammerman, Charles Lynville, and H. C. Current were elected trustees of that subdistrict in June, 1932, and duly qualified as such; that thereafter H. C. Current was elected to and became a member of the board of education; that since the election of trustees in 1932, no election has taken place, nor has the county board of education appointed any person or persons as trustees in the subdistrict; that on June 4, 1934, J. L. Ammerman and Charles Lynville, as trustees, recommended her in writing for a teacher in this subdistrict, which recommendation she on that date presented to J. M. McVey, school superintendent, and on July 2, 1934, appeared at a meeting of the county board of education for the purpose of hav-

ing the board take action upon such recommendation; that without notice to her and without giving notice to the subdistrict trustees to make a recommendation, J. M. McVey recommended for teacher of the subdistrict Robert Thomas, who was appointed as teacher in May, 1934, before the trustees had opportunity to make a recommendation; that the county board of education failed and refused to act on the recommendation of the subdistrict trustees presented by her to the superintendent, or to appoint her teacher in the Currentsville subdistrict.

She prayed that the board be required to appoint her teacher in such district, and to enter into a contract with her at the salary provided by law, and that they be enjoined and restrained from employing Robert Thomas as teacher and from paying him any money for teaching the school, and that he be enjoined and restrained from teaching the school.

By answer defendant denied that the trustees were not given an opportunity to make a recommendation for a teacher, or that Robert Thomas was appointed before the trustees had such opportunity. In a second paragraph they alleged that it was the usual custom of the board to elect teachers for the ensuing year at their regular meeting in May, and that the subdistrict trustees had notice of this custom; that it was also a custom for the subdistrict trustees to make such recommendation as they desired during the month of March; that J. M. McVey, county superintendent, had at all times referred to in plaintiff's pleading maintained an office in the courthouse in Paris where recommendations could be presented to him in person by the trustees, or where recommendations could have been transmitted to him by mail. The issues were completed by an order treating the affirmative matter in the answer as controverted of record.

The cause was submitted to the court for final hearing upon the pleadings and agreed statement of fact, and it was adjudged that plaintiff's petition be dismissed and the defendants recover of her their costs, and she is appealing.

In the stipulation of facts it is agreed that the trustees Ammerman and Lynville "indorsed" appellant for teacher in the Currentsville subdistrict, and that the

260

application and indorsement was made and filed with the county superintendent on June 3, 1934; that prior thereto and on April 30, 1934, appellant filed her application as teacher with the superintendent but this was not signed by either of the subdistrict trustees; that at the meeting of the county board of education held in May, 1934, teachers were selected for the various subdistricts in the county including Currentsville; that prior to this meeting no notice was given to any subdistrict trustees as to the date on which teachers would be selected, nor were subdistrict trustees requested to make any recommendations; that on June 4, 1934, the board of education held a meeting, but no teachers were selected or appointed at that meeting. In that meeting some of the patrons of the Currentsville subdistrict appeared before the board of education and requested that appellant be appointed, but no action was taken by the board; that Robert Thomas was appointed at the meeting held in May, but the appointment was made without any recommendation from any of the subdistrict trustees; that the superintendent maintained an office in Paris which remains open at all times during regular business hours and either he or his secretary were always present; that at no time did the Currentsville subdistrict trustees make any recommendation to him or file same with his secretary; that subdistrict trustee Ammerman knew it was customary or that the board had a right to select teachers after April of each year; that he made no recommendation, nor was any request made to him to make any recommendation by appellant until after the May meeting when a teacher for the subdistrict had already been elected, and no request was made to him by appellant for the position of teacher until after the May meeting; that he knew the teachers were elected at the regular meeting in May; that he made no recommendation of a teacher because he did not desire to recommend any at the time, and was willing for the board to make the selection of a teacher; that trustee Lynville signed the application of plaintiff when she requested him to do so; that at a meeting of teachers in April, 1934, the superintendent announced that application blanks for the position of teacher were in his office, and, while it was not necessary, teachers could procure and file same. It was further stipulated that trustee Lynville talked to the superintendent of schools about a teacher in the Currentsville subdistrict,

but at the time no mention was made by either Lynville or McVey about the appointment, and that Lynville had no desire to make any recommendation; that appellant knew that a teacher had been elected for the school prior to the time she secured the recommendation of the subdistrict trustees.

Section 4399a-7, 1930 Edition, Kentucky Statutes, which was in full force and effect at the time, provides, in substance, that the county board of education shall on written recommendation of the subdistrict trustees appoint teachers; that each subdistrict trustee may recommend a teacher to the county superintendent of schools before the teacher is appointed by the county board of education; that if any teaching position remains unfilled after reasonable time and repeated opportunity is given for recommendation by the trustees, the county board of education may then receive recommendations of qualified teachers from any member of the board, and may appoint such teachers.

It is first argued by counsel for appellant that the appointment of Thomas was illegal because he was recommended by the school superintendent and not by a member of the board, and that this fact is revealed by the agreed statement of facts. We have carefully scanned the stipulation as to the facts and find nothing to show that Thomas was recommended by the superintendent. While we are convinced that counsel did not purposely make a misstatement of facts, it is apparent that he has confused his statement of facts with the allegations of the petition wherein it was alleged that the teacher was appointed on the recommendation of the superintendent. But we regard that a matter of little importance, since if the board was authorized to make the appointment, in the absence of any recommendation of a subdistrict trustee, it was the action of the board and not of the superintendent, and would not be invalid merely because of the superintendent's recommendation of the teacher selected.

It is further argued that the appointment of Thomas was invalid because the subdistrict trustee had not been given reasonable time and repeated opportunity to recommend a teacher. Under the statute (section 4399a-7), the county board of education may appoint teachers at any time after the first day of April next preceding the beginning of the school year.

The trustees made no recommendation of a teacher prior to April 1, nor subsequent thereto until after the meeting held in May in which Thomas was elected as a teacher. It is agreed that they had no desire to make any recommendation prior to that meeting, and that appellant filed her application without requesting or attempting to secure their recommendation.

Appellant cites and relies on the cases of Scott v. Blackburn, 222 Ky. 514, 1 S. W. (2d) 977; Rice v. Gilliam, 226 Ky. 613, 11 S. W. (2d) 431; Warren County Board of Education v. Brunson, 240 Ky. 526, 42 S. W. (2d) 756; Asher v. Jones, 241 Ky. 22, 43 S. W. (2d) 189, 190; Logan County Board of Education v. Fowler, 241 Ky. 166, 43 S. W. (2d) 691; Trosper v. Woodford County Board of Education, 248 Ky. 780, 59 S. W. (2d) 998. An examination of these cases will reveal that this court has interpreted and applied this statute according to its plain terms and meaning, that the county board of education must follow the recommendation of the subdistrict trustees when seasonably and properly made, and that the board may not exercise its own right of selection until the trustees have been given reasonable opportunity to recommend teachers.

In the case of Asher v. Jones, supra, it is said:

"It is a firmly established law in this commonwealth that the county board of education is required to follow the recommendation of the subdistrict trustee when reasonably made in the employment of teachers."

In Warren County Board of Education v. Brunson, supra, a teacher resigned on May 16. It was held that from that date until June 1, following, afforded a reasonable time and repeated opportunity for the subdistrict trustees to recommend a new teacher.

The record here discloses that both appellant and the trustees knew when teachers were to be selected; that the trustees did not desire to make any recommendation prior to the meeting in May, and appellant made no effort to have them do so. In such circumstances we are constrained to hold that the trustees had reasonable time and repeated opportunity in which to make a recommendation within the meaning of the statute.

It therefore follows that the judgment of the lower court was proper, and must be affirmed.