## Swinford v. Chasteen et al.

(Decided Nov. 8, 1935.)

WILLIAMS & DENNEY for appellant.

H. C. KENNEDY for appellees.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Reversing.

The appellees are the county board of education of Rockcastle county, the county superintendent, and Herman Chasteen, whose selection to teach school in subdistrict No. 59 in said county is challenged.

On August 8, 1935, appellant filed his petition in equity in which he set up that the trustee of subdistrict No. 59 failed to make nomination of a teacher for that subdistrict on or before April 1, 1935. He alleges that

on June 8, 1935, the day fixed by the county board for the election of teachers, the subdistrict trustee (of No. 59) nominated Chasteen, and he was elected and awarded the teaching contract; that on the same day, acting under the assumption that the subdistrict trustee had lost his right to nominate, the county school superintendent nominated appellant as teacher in district No. 59, but his nomination was ignored by the county board.

By his petition appellant charges that Chasteen's election was illegal, because of the fact that he was nominated too late, and he sought to have the court adjudge that he was the only legal nominee for that district on the day the selection was made, praying that the court below require the board to convene and elect him, and to restrain Chasteen from further teaching the school in subdistrict No. 59.

The defendants filed a general demurrer to the petition, which the court sustained, and on declination of plaintiff to plead further the petition was dismissed.

In appellant's brief it is said that the court sustained the demurrer on the ground that Swinford was not a qualified applicant, since he admitted in his pleading that he did not hold the necessary elementary certificate at the time of election, though he alleged his marks and credits, sufficient in grade to entitle him to such a certificate, and alleged that he was assured of its procurement before the beginning of the school year, the time when he would assume his teaching duties, if elected.

If this were the only question the whole matter would be easily disposed of under the court's decisions in Lovelace v. Steinbeck, 225 Ky. 669, 9 S. W. (2d) 1002, Crowe v. Yates, 219 Ky. 49, 292 S. W. 483, and Reynolds v. Spurlock, 257 Ky. 582, 78 S. W. (2d) 787, in which we held that the statutory requirement (Ky. Stats. Supp. 1934, sec. 4503-2) of holding a certificate to teach related to the time when the teacher entered upon the duties of office, that is, the beginning of the school term during which he or she was to teach, rather than the date of selection or employment. The ruling in the cases named disposes of appellee's argument on that point.

It is also argued as a ground of demurrer that appellant does not allege that his recommendation was in writing, and it is said that since the statute (Ky. Stats.

Supp. 1934, sec. 4399-9) requires the subdistrict trustee to make his recommendation in writing, it follows that the superintendent must do likewise.

The statute here in question does not specifically require that the superintendents' nomination be made in writing. The superintendent is an officer of the board; he is the secretary and keeper of the records. The court will assume, in absence of a showing to the contrary, that the superintendent performed his duty and made a record of his recommendation.

The serious question presented as a ground for demurrer calls for a construction of section 4399-9, Ky. Stats., 1934 Supp., which is section $6\frac{1}{2}$ (b) art. 5, c. 65, known as the "New School Code," which enactment represents an effort on the part of the Legislature of that session to clarify and simplify as much as possible the school laws of the state.

It is the contention of appellant that under the new enactment section 4399-9, supra, by reason of the radical change from the old statute, if the subdistrict trustee has made no recommendation of a teacher on or prior to April 1 of the year, then the authority to make nominations lies solely in the county superintendent.

It is contended for appellee that although the subdistrict trustee has failed prior to or on April 1 to make nomination of a teacher or teachers, nevertheless, if the nomination be made by the trustee after said time and before the awarding of contracts, it is the duty of the board to elect such nominee. Section 4399a-7, Ky. Stats. 1930, in effect prior to the enactment of the 1934 Code, provided for the nomination of teachers up to the time of the selection of teachers, and it was provided that, if any positions remained unfilled "after reasonable time and repeated opportunities are given for nominations," the board could receive same from any member of the board for appointment. The recommendations under the old law were first to be made by the subdistrict trustee.

Much confusion grew out of this plan, as evidenced by the numerous cases brought here for review. See Warren County Board of Education v. Brunson, 240 Ky. 526, 42 S. W. (2d) 756; Asher v. Jones, 241 Ky. 22, 43 S. W. (2d) 189; Logan County Board of Education v. Fowler, 241 Ky. 166, 43 S. W. (2d) 691. Other cases

digested show that there were other uncertain and perhaps objectionable features of the old law on this subject.

At the session of 1934, section 4399a-7, Ky. Stats. 1930, was specifically repealed, and what is now section 4399-9 (Supp. 1934) was enacted, and a comparison of the two sections demonstrates a decided change.

In the later statute it is provided that nominations for teachers be made by the subdistrict trustee, but requires that "the nomination for teachers shall be made in writing on or before the first day of April next preceding the beginning of the school year, and such nomination shall not be made before the first day of February."

This language most assuredly limits the time in which a subdistrict trustee may file his recommendation. The language is plain and its meaning clear.

In the second paragraph of the same section, after providing the method of nomination after withdrawals, in a proviso it is said:

"Provided further that if the subdistrict trustee does not recommend a teacher within the time set out in the law, the county board of education has authority to elect a teacher upon the recommendation of the county superintendent."

It is quite plain that the Legislature, by the use of the unambiguous language fixing definitely the period during which the trustee could make his nomination or nominations, meant that such should be made within the period intervening between fixed dates. The legislative intention is further shown by the provision giving the board authority to elect a teacher recommended by the county superintendent in case the trustee failed in a plain duty.

It appears to be mandatory that the trustee, except in cases of withdrawal or rejections of nominations made within the time, make his nominations on or before April 1 preceding the beginning of the school year. If he fails, our conclusion is that nominations made by the trustee after April 1, except as specifically provided, are not to be considered by the board if at that time the superintendent has made recommendation.

Evidently the Legislature had in mind the curing of some then existing evils, or the remedying of some mischief, when it made the decided changes noted. We

need neither inquire into or elaborate upon the moving cause, since that is a matter to be considered by the Legislature in passing laws; and there is no question (and there could be none) of the power of the Legislature to fix terms and conditions upon which teachers in the public schools may receive contracts.

We have concluded that the plain meaning of the statute is that if a subdistrict trustee fails to make his nomination within the statutory period, and thereafter undertakes to do so, and the county superintendent after April 1 makes a recommendation, the latter is the only nomination before the board.

The court below therefore erred in sustaining the demurrer to plaintiff's petition, and the judgment is reversed, with directions to set aside the order dismssing the petition and enter an order overruling the demurrer, and for such proceedings as may not be inconsistent herewith.

Judgment reversed.

The whole court sitting.