## Martin v. Knott County Board of Education.

(Decided Nov. 22, 1938.)

**484**

E. C. WOOTON and D. G. BOLEYN for appellant.

D. H. HALL and CLARK PRATT for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This action was brought by the appellant, Estill Martin, against the Knott County Board of Education to recover damages which he alleged he sustained as a result of the board's failure to employ him as a teacher in one of the sub-districts of Knott county after he had been nominated by the trustees of the sub-district.

Chapter 79 of the Acts of the General Assembly of 1932 provided for the election of three sub-district trustees in county rural districts, the first election under the act to be held on the first Saturday in July, 1932. The act further provided that the trustees so elected should serve, one for a period of one year, one for a period of two years, and one for a period of three years, and they were required to determine by lot the respective term for which each should serve. At the election held in 1932 in sub-district No. 49 in Knott county, Cecil Thornsberry, Foster Caudill, and Maryland Hall were elected trustees. Their terms were determined by lot or agreement, and Hall obtained the one year term, Caudill the two year term, and Thornsberry the three year term. In March, 1934, Thornsberry, Caudill, and Hall recommended, in writing, Estill Martin as teacher in sub-district No. 49 for the ensuing school year. This recommendation was filed with the County Board of Education. Hall's term as trustee had expired on June 30, 1933, and Caudill had moved out of the district. On April 2, 1934, the county board appointed Lonnie Kaiser and Richard Isaacs to fill the two vacancies. Thereupon the Board of Trustees of sub-district No. 49, as then constituted, recommended, in writing, Carew Slone for appointment as teacher, and Slone was employed by the County Board of Education. Estill Martin brought an action to enjoin the County Board of Education from employing any person other than himself, and for a mandatory injunction to require it to employ him, but the action was abandoned and, after the expiration of the school term, the present suit was instituted.

Waiving the question of the validity of the recommendation by Thornsberry, Hall, and Caudill, and the right of the Board of Education to disregard it and elect the person recommended by the sub-district board of trustees, as legally constituted at the time of the election, we have concluded that appellant failed to establish a cause of action, and that the circuit court properly dismissed his petition. In an amended answer, the defendant alleged that neither at the time teachers were employed to teach schools in Knott county for the school year 1934-1935 nor at the time the schools opened did the plaintiff have on file in the office of the Knott County Board of Education any record or evidence to show that he was entitled to teach school in Knott county, but, on the contrary, the records in the office of the Knott County Board of Education showed that his teacher's certificate had expired during the year 1933. These averments were not denied, and the proof disclosed that at no time did he file with the County Board of Education evidence of his qualification to teach. While the qualification of an applicant as teacher must be determined as of the time when he begins to fulfill the contract and not as of the date of his application, Reynolds v. Spurlock, 257 Ky. 582, 78 S. W. (2d) 787; Swinford v. Chasteen, 261 Ky. 249, 87 S. W. (2d) 373; Board of Education of Logan County v. Akers, 243 Ky. 177, 47 S. W. (2d) 1046, yet, in order to satisfy the statutory requirement, he must hold a teacher's certificate at the beginning of the school term at which he is to teach. Section 4503-2, Kentucky Statutes, which became effective June 14, 1934, provides that "no teacher or other person shall enter upon the duties of a position requiring certification qualifications until his or her certificate has been filed or credentials registered with the board of education employing such person." The plaintiff failed to file with the Board of Education evidence of his qualification to teach school in Knott county or to inform it that he held a teacher's certificate. The records of the board showed affirmatively that his certificate had expired. It is true that the board's records showed that appellant had received certain credits, but these were not sufficient to authorize him to teach if he had not obtained a certificate. Under these circumstances, the board was authorized to disregard his application even if valid, and to employ a qualified teacher.

The judgment is affirmed.