## County Board of Education of Muhlenberg County v. Weatherford.

## Butler v. County Board of Education of Muhlenberg County.

(Decided November 10, 1931.)

HUBERT MEREDITH for appellant County Board of Education.

C. A. DENNY for appellant Mrs. Butler.

BELCHER & BELCHER for appellee Weatherford.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

These two appeals have been heard together, and will be considered in one opinion.

The facts are these: In the month of May, 1929, J. R. Laster was elected trustee of common school subdistrict No. 31, in Muhlenberg county, to serve until the first Saturday in May, 1931. On December 23, 1930, Laster recommended in writing for the position of teacher in subdistrict No. 31 Chester Weatherford, who was then engaged in teaching in that district. On January 12, 1931, the county board of education made an order increasing the qualifications of teachers to sixteen hours of college credits. Prior to July 2, 1931, Weatherford secured the additional four credits in the Bowling Green College of Commerce. During the month of February, 1931, Laster filed with the county school superintendent a writing recommending Mrs. G. W. Butler for the position of teacher. About the same time he recommended Robert Vinson, who does not seem to have been qualified under the board's order of January 12, 1931. On April 6, 1931, Laster filed another writing withdrawing the recommendation of all teachers theretofore recommended by him except Mrs. G. W. Butler. Some time prior to April 13, 1931, Laster went to the county superintendent in person and stated orally that, in view of the confusion that had arisen, he withdrew all recom-

mendations and wanted the board of education to get a teacher of their own selection. Acting on this suggestion, the county board met on April 13, 1931, appointed and contracted with Adrian Gish to teach the school. On May 4, 1931, G. C. Furman was elected trustee to succeed Laster, and thereupon filed with the county school superintendent a writing recommending Weatherford for the position of teacher.

On June 30, 1931, Chester Weatherford, basing his claim on his original appointment of December 23, 1930, brought suit to require the county board of education to employ him to teach the school. Adrian Gish, who had been elected by the board, was made a party defendant. Later on Weatherford filed an amended petition in which he sought the same relief by virtue of his appointment on May 4, 1931, by the new trustee, G. C. Furman. During the progress of the action Mrs. G. W. Butler intervened and asked that the county board be compelled to employ her as teacher. On final hearing the court adjudged that the election of Adrian Gish was invalid, and that Chester Weatherford was entitled to the position, and entered an order directing the county board of education to meet and rescind its action of April 13, 1931, and to employ Weatherford as teacher. By the same order Adrian Gish, Mrs. Butler, and the county superintendent were permanently enjoined from interfering with Weatherford in the enjoyment of his position. Separate appeals have been prosecuted by Mrs. Butler and by the county board of education and its individual members, and McDowell, the county superintendent, and Adrian Gish, the teacher appointed.

■ ▪The first question for decision is whether the subdistrict trustee may withdraw his recommendation. The statute does not make it the absolute duty of the subdistrict trustee to recommend, nor does it contain any provision forbidding the withdrawal of a recommendation once made. But it is argued that to permit a trustee to withdraw a recommendation is unfair to the person recommended, and that he should not have the right of withdrawal unless upon notice and hearing it is made to appear that the teacher recommended does not possess the necessary educational and moral qualifications. This is the rule where a teacher has already been elected, but considerations of public policy forbid its application to a mere recommendation. Experience has demonstrated that mere knowledge and good char-

acter, important as they may be, do not always make a successful teacher. In addition to tact, vitality, and the capacity to maintain discipline, a real teacher should not only have the power to instruct and inspire his pupils with a love of learning and of work, but should possess those indefinable qualities of leadership that command confidence and respect. A personal investigation by the trustee might convince him that the person recommended falls short of these requirements, and yet he would find it almost impossible to support his opinion by competent evidence. As the recommendation is the basis of the board's action, it would be unfair to the board and unjust to the school if the subdistrict trustee persisted in recommending a person in whose qualifications he no longer believed. As the responsibility is on him, he alone should have the right to decide whether he will continue or withdraw his recommendation. If he believes that the person recommended does not satisfy the requirements, he owes it to the board and the pupils to withdraw his recommendation. Even an appointment to office may be revoked at any time before the act becomes final, Board of Education of Boyle County v. McChesney, 235 Ky. 692, 32 S. W. (2d) 26, and no reason is perceived why a mere recommendation of a teacher may not be revoked before the board acts. It remains to determine in what way the withdrawal or revocation may be made. The statute requires that the recommendation be made in writing (Ky. Stats., sec. 4399a-7). Its purpose is to have a written memorial of the trustee's action to the end that all confusion and doubt may be removed. Were we to hold that a written recommendation could be withdrawn by an oral statement to the county superintendent or to a member of the board the power of the board to act would depend on oral testimony that might often be conflicting and thus result in the confusion or uncertainty which the statute intended to guard against. We therefore conclude that a recommendation once made may be withdrawn only in writing, or by a statement made by the subdistrict trustee in the presence of the board while in session, and appearing of record in the minutes of the board.

■ As the withdrawal of the recommendation of Chester Weatherford was made in writing before the board acted, he was no longer eligible to election. As the withdrawal of the recommendation of Mrs. Butler was merely oral, and therefore not effective for the purpose,

70

she alone was eligible to election. Therefore it was the duty of the board to elect her, and none other, and the election of Adrian Gish was invalid. Scott et al. v. Blackburn et al., 222 Ky. 514, 1 S. W. (2d) 977.

If the board had not acted at the time the new trustee took office and recommended Weatherford, doubtless it would have been the duty of the board to follow the new recommendation and elect Weatherford. But that is not the situation presented. The board did act, and the status then existing determines the rights of the parties and the power of the board. At that time, as before stated, it was the duty of the board to elect Mrs. Butler whose recommendation had not been legally withdrawn, and the subsequent recommendation of Weatherford, by the new trustee, after the board did act, did not impair Mrs. Butler's right to the office, or confer any right on Weatherford.

It follows that the court, instead of ordering the members of the board to appoint Weatherford, should have ordered them to appoint Mrs. Butler.

Wherefore the judgment in each case is reversed, and the cause remanded, with directions to enter judgment in conformity with this opinion.

Whole court sitting.