## Cartee v. Lewis County Board of Education et al.

(Decided February 9, 1932.)

NORMAN W. BOWMAN and A. C. JARVIS for appellant.

HARVEY PARKER, JR., for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Hazel Cartee brought this action against the members of the Lewis county board of education and Sarah Carrington to compel the members of the board to meet and elect her teacher for the third and fourth grades in Garrison consolidated school district, and to enjoin Sarah Carrington from teaching the school. An agreed statement of facts was filed, and on the final hearing the court dismissed the petition. Hazel Cartee appeals.

Briefly stated, the agreed facts are these: On May 6, 1931, Fred Hickle was elected subdistrict trustee in subdistrict 84, Lewis county, known as the Garrison consolidated school district, and duly qualified as such. On May 9, 1931, Hazel Cartee, who held the necessary certificate, filed with the secretary of the board of education of Lewis county a written application for the position of teacher for the third and fourth grades in subdistrict 84. At the same time Fred Hickle, the subdistrict trustee, filed a writing recommending her for the position. However, at the time of the filing of the written recommendation, Hickle verbally informed the board of education then in session that they could take such action as they saw fit relative to the application of Hazel Cartee, owing to the fact that a protest had been filed against her on account of some impediment in her speech. Thereafter the board of education met on June 1, 1931, and refused to employ Hazel Cartee as teacher. There was no evidence introduced on the trial to show that there was any vacancy in grades three and four of the school district in question on May 9, 1931, when appellant's application was filed or thereafter. Subdistrict 84 employs four teachers. The manner of employment is the same as in any other subdistrict in Lewis county.

It is the law of this state that a written recommendation for teacher once made may be withdrawn only in writing, or by a statement made by the subdistrict trustee in the presence of the board while in session, and appearing of record in the minutes of the board. County Board of Education of Muhlenberg County v. Weatherford, 241 Ky. 66, 43 S. W. (2d) 340. As the written recommendation of a teacher when filed with the board operates for the benefit of the person recommended, and confers the right of election, it necessarily follows that the subdistrict trustee may not nullify his own recommendation by telling the members of the board that they could take such action relative to the application as they saw fit. As appellant had been recommended in writing, and the recommendation had not been properly withdrawn, and as the subdistrict trustee was without authority to nullify the recommendation by mere oral statement to the board, and there was no showing that she did not possess the necessary educational and moral qualifications, it follows that it was the duty of the board to elect her and none other. County Board of Education of Muhlenberg County v. Weatherford, supra; Scott v. Blackburn, 222 Ky. 514, 1 S. W. (2d) 977.

But the point is made that there was no showing that there was any vacancy in the third and fourth grades at the time appellant's application and recommendation were filed, or thereafter. We do not regard this omission as fatal to appellant's right to a mandatory injunction. Teachers are elected for the school year beginning the following July, and may be elected at any time after April 1st. It is not to be presumed that appellant and the subdistrict trustee did a vain thing in filing the application and recommendation. The fact that they were filed gave appellant the prima facie right to be elected, and the burden of showing that the position had already been filled was on the board.

It follows from what has been said that the board should have elected appellant, and was without authority to elect Sarah Carrington. It also follows that appellant was entitled to a mandatory injunction compelling the members of the board to assemble and elect her, and to an injunction restraining Sarah Carrington from teaching from and after such election.

Judgment reversed and cause remanded with directions to enter judgment in conformity with this opinion.