## Logan County Board of Education et al. v. Funk.

(Decided November 4, 1932.)

G. SAMUEL MILAM for appellants.

JOHN H. GILLIAM for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellee and plaintiff below, Eliza Funk, is a colored woman, and, in February, 1932, she filed her written application with appellant and defendant below, Logan County Board of Education, for the position of teacher of one of the rural colored common schools in the county. Her application was indorsed with the written recommendation of G. W. Collins, the subdistrict trustee of that district, and it, with the trustee's recommendation, remained with the board at all times thereafter, it never having been withdrawn by any one. Later, and a short while prior to July 8, 1932, the subdistrict trustee recommended Hettie Belle Lewis as a teacher for the same school and her application with the trustee's recommendation thereon was filed with the board. So that, when the board met on the date last mentioned for the purpose of electing a teacher for the colored school of that district, both applications and both recommendations were before it, but it ignored plaintiff's application and recommendation and elected the defendant Hettie Belle Lewis to the position. Plaintiff then filed this action in the Logan circuit court against the board of education and its members, and also against the elected teacher, seeking a mandatory injunction against the board to require it to rescind its action electing the defendant Lewis as teacher and to elect plaintiff, and the same relief was asked against the successful teacher by restraining her from interfering with plaintiff in teaching the school.

Upon a hearing, the judge of the Logan circuit court sustained the prayer of the petition and granted the temporary injunctions prayed for. Defendants then entered a motion before Judge Perry of this court, under the provisions of section 297 of the Civil Code of Practice, to dissolve the temporary injunctions granted by the trial court, which he overruled in a convincing opinion that he filed and which is a part of the record before us. The case was then finally heard in the Logan circuit court and the temporary injunctions were made

perpetual, from which final order defendants prosecute this appeal.

We held in the recent cases of Butler v. County Board of Education of Muhlenberg County, 241 Ky. 66, 43 S. W. (2d) 340, 341, and Cartee v. Lewis County Board of Education, 242 Ky. 748, 47 S. W. (2d) 742, that, under the applicable statute (Ky. Stats., sec. 4399a-7), a subdistrict trustee, having once recommended a teacher in writing, could not withdraw that recommendation, except by a writing filed with the board "or by a statement made by the subdistrict trustee in the presence of the board while in session," and its recordation "in the minutes of the board." The attempted withdrawal in that case was not made under either method and we held that because thereof "it was the duty of the board to elect her (plaintiff) and none other."

Defendants do not criticize the rule announced in those cases, but they contend that they do not apply to the facts of this case because (a) the filing of the recommendation of defendant Lewis with the board was tantamount to a withdrawal of the prior recommendation of plaintiff, and (b) that in the Cartee Case there was no second application or recommendation filed with the board before it acted in the election of a teacher. However, there were filed during the past summer before different members of this court summary injunction motions under the same section of the Code, supra, wherein the identical question here involved was presented for determination, and the members of the court who considered them came to the same conclusion that Judge Perry did in the same character of hearing in this case, and we now, on this final appeal, have not been persuaded that the conclusions reached on such hearings were unsound. On the contrary, it will be noted that in the excerpts, supra, from the Cartee opinion it is stated that a recommendation once made in writing by the subdistrict trustee can be withdrawn only in two ways, i. e., by writing signed by him evidencing such withdrawal and filed with the board, or by his appearing in person before it when in session and making the withdrawal orally. We repeat neither course was pursued in this case, and, if those two methods are the only ones, as was so emphatically announced in the Cartee opinion, then the third one contended for in this case (i. e., by filing a second recom-

mendation with the board) is without legal sanction. Such latter course pursued by the subdistrict trustee does not necessarily imply that he, for any cause, seeks to withdraw the name of the person first recommended, but only that the second person recommended is, in his estimation, also a suitable person to select as teacher;

In this case, after defendant Lewis had been elected and this action was filed, there was a called meeting of the board and a resolution was passed purporting to correct the minutes of the meeting of July 8, 1932, when the individual defendant Lewis was elected so as to make it appear that the subdistrict trustee had withdrawn the recommendation of plaintiff. But the recitation of the facts in that resolution does not conform to the requirements of the law as hereinbefore stated. It only recites that the trustee "desires to withdraw said nomination and recommendation (of plaintiff) and in her place to recommend Hettie Belle Lewis." The correcting resolution then accepts such withdrawal, as well as the recommendation of the last applicant, and then proceeds to record for the second time the election of Hettie Belle Lewis as the teacher. So that, even at that meeting (which was held after this suit was filed and on July 15, 1932), the minutes, as corrected in the manner therein attempted, did not conform to the principles of the law as announced in the cases, supra, even though all obstacles affecting the right of the board to make such corrections in the circumstances should be ignored. When the board elected defendant Lewis as teacher on July 8, 1932, it, in effect, denied the superior recommendation of plaintiff, although her name had not legally been withdrawn by Collins, the subdistrict trustee, and the status of the parties then became fixed from and after that date and which it could not later disturb without legal cause.

It is therefore our conclusion that the judgment appealed from was proper and it is affirmed.