# Bell County Board of Education et al. v. Collett et al.

(Decided June 20, 1933.)

J. HENRY TAYLOR for appellants.

E. N. INGRAM for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Affirming.

At an election for subdistrict trustees held in Mathel, subdistrict 34, in Bell county, on the first Saturday in July, 1932, pursuant to the provisions of chapter 79, Acts of the General Asembly 1932, Cicely (C. F.) Collett, J. W. Campbell, and Milburn Green were elected trustees; they being the three persons receiving the highest number of votes cast. The poll sheets were duly certified by election officers and turned over to the county superintendent. Thereafter, each of the successful candidates took the required oath of office before a deputy county court clerk and this was certified to the county board of education. Among other things, the act under which this election was held provides that the trustees elected at the first election held under the act shall serve for a term of one, two, and three years, respectively; that the three persons receiving the highest number of votes shall determine by lot the respective terms for which each shall serve and that a record thereof shall be filed with the county superintendent of schools.

On August 4, 1932, Mrs. Collett and Mr. Campbell met and determined by lot that Mrs. Collett should serve for a term of three years and Mr. Campbell for a term of two years. They made out and forwarded to the county superintendent the following certificate:

"We the undersigned Cicely F. Collett and J. W. Campbell having been elected trustees of Mathel District No. 34 at the July 2nd 1932 School election have this day drawn for the term each shall hold.

"Mrs. C. F. Collett, 3 years.

"J. W. Campbell, 2 years.

"Milburn Green was not present but being disqualified by reason of being assistant Post Master at Calloway, Kentucky, and also mail messenger

on route No. 229099. we consider he is not entitled to draw for a term. Signed by each of us this. August 4th, 1932.

"Cicely Collett

"J. W. Campbell"

On January 6, 1933, the Bell county board of education adopted and entered an order directing the county superintendent to notify the subdistrict trustees for the respective subdistricts to report at his office not later than January 20, 1933, for the purpose of drawing and determining by lot the respective terms that each should serve; that upon the failure of any trustee to appear and draw as directed by order and notice, such office would be declared vacant. In compliance with the order the county superintendent mailed notices to all trustees, including Mrs. Collett and Mr. Campbell. In the meantime, the resignation of Milburn Green had been. tendered and accepted, and his wife, Mary Green, had been appointed to fill the vacancy caused by his resignation. On January 20, the county board of education. entered the following orders:

"It appearing to the Board after the above order was read to said Board that Mrs. Milburn Green expressed her willingness to draw lots with the other two trustees, Mrs. Collett and Mr. Campbell, and said two trustees being present and represented by Council, Judge E. N. Ingram, and Judge Ingram refused to make any statement to the Bell County Board of Education or allow his clients to make any statement after the said Board had suggested that E. N. Ingram counsel for Cicely Collett and J. W. Campbell might act in arranging or determining the method by which the drawing be made, refused to do so and advised his clients to refuse to state to the Board what they wished to do. Therefore it is moved by N. P. Parsons and seconded by L. F. Hatfield that a vacancy be declared in the Trusteeship of Mathel No. 34 upon the failure of said trustees to qualify as set out. herein."

"Motion made by N. P. Parsons and seconded. by M. F. Knuckles to appoint Jeff Wilder, Mrs. Milburn Green, and Milburn Green as trustees in subdistrict No. 34 Mathel. No recommendation was

made by the superintendent. Motion carried unanimously. Above named trustees sworn January 20, 1933. Lots drawn as follows:

"Milburn Green, 3 years.
"Mrs. Milburn Green, 2 years.
"Jeff Wilder, 1 year."

Thereafter Mrs. Collett and Mr. Campbell instituted this action in the Bell circuit court against the members of the county board of education, Milburn Green, Jeff Wilder, and Mary Green, and after alleging the foregoing and other facts, asked that they each be adjudged duly elected, qualified, and acting trustees of Mathel subdistrict and that the board of education be required to recognize them as such; that Jeff Wilder, Milburn Green, and Mary E. Green each be permanently enjoined from claiming the office of either of the plaintiffs or interfering with them in the exercise of the functions of their office, etc.

By answer defendants pleaded and relied upon the orders of the county board of education declaring a vacancy because of the failure of Mrs. Collett and Mr. Campbell to meet and draw lots as directed by the board and the appointment of the defendant trustees to fill such vacancy. Proof was taken by respective parties, and on final hearing the court granted to plaintiffs the relief sought and adjudged the orders of the county board declaring the vacancies and attempting to fill same by the appointment of Wilder and Mrs. Green and Milburn Green void and of no effect, but held the order appointing Mrs. Green trustee to fill the vacancy caused by the resignation of her husband to be valid. It was further adjudged that the drawing held by Mrs. Collett and Mr. Campbell to determine the respective terms for which they would serve was void, and directed that they should meet at the office of the county superintendent as required by law and draw lots. The defendants are appealing.

The evidence for appellees conduces to show that they repeatedly attempted to have Mr. Green meet with them for the purpose of determining by lot the respective terms which each should serve, but that he failed and refused to meet with them; that they were informed by the county superintendent of schools that the meeting of the trustees to determine by lot the terms which each should serve might be held at a place other than at

the superintendent's office, provided the record of their drawing should be filed with the county superintendent. Mr. Green admitted that he refused to meet with the other trustees, but attempted to excuse his failure to do so on the ground that the proposed meeting was to be held at the home of Mrs. Collett and that because of ill feeling between the Collets and him, he felt that the meeting should be held elsewhere and that he indicated his willingness to meet with the other trustees at some other place. There was considerable evidence as to ill feeling between the various parties to this litigation and the motives prompting the action taken by them, but these matters are beside the question here.

While there is seeming conflict of statute with respect to the causes of removal of trustees and the method of procedure, it is unnecessary to attempt to reconcile these conflicts, since none of the statutes authorize the county board of education or any other authority to summarily remove a trustee in the circumstances shown here. Therefore the chancellor correctly held the orders of the board declaring the vacancies and the attempt to fill them by appointment to be void. The chancellor also properly adjudged the drawing held by Mrs. Collett and Mr. Campbell in August, 1932, to be void and that they should meet and determine by lot the respective terms for which they should serve.

Judgment affirmed.