## Bell County Board of Education v. Taylor et al.

(Decided May 22, 1934.)

L. R. WILSON for appellant.
FLOYD TAYLOR and J. H. TAYLOR for appellees.

**448**

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

On the 2d day of July, 1932, Mrs. C. F. Collett, J. W. Campbell, and Milburn Green were elected trustees of school district No. 34 in Bell county. On March 28, 1933, Mrs. Collett and Mr. Campbell recommended in writing to the Bell county board of education as teachers of the Mathel school in that district for the school year beginning July 1, 1933, and ending June 30, 1934, J. M. Taylor and Lenora Wilson, who possessed the necessary educational and moral qualifications. The members of the county board of education refused to elect the persons recommended, and thereupon this action was brought for a mandatory injunction requiring them to do so. From an order granting the injunction, this appeal is prosecuted.

It is first insisted that the petition is defective in that it did not allege that the school census showed a sufficient number of pupils in the district to authorize the employment of two teachers. Teachers are elected for the school year beginning the following July, and may be elected at any time after April 1st. It is not to be presumed that the applicants and the subdistrict trustees did a vain thing in filing the recommendation and application. The fact that they were filed gave the applicants the prima facie right to be elected, and the burden of showing that only one teacher was needed was on the board. Cartee v. Lewis County Board of Education, 242 Ky. 748, 47 S. W. (2d) 742.

The record discloses that, at the election for subdistrict trustees held in subdistrict No. 34 in Bell county on the first Saturday in July, 1932, Mrs. C. F. Collett, J. W. Campbell, and Milburn Green were elected. On August 4, 1932, Mrs. Collett and Mr. Campbell, in the absence of Milburn Green, the other subdistrict trustee, drew lots for their respective terms; Mrs. Collett drawing a three-year term, and Mr. Campbell a two-year term. Thereafter Milburn Green, who was assistant postmaster at Calloway and also a mail messenger, resigned, and his wife, Mary Green, was appointed to fill the vacancy. Thereupon the county board of education removed Mrs. Collett and Mr. Campbell on the ground that they had failed to qualify as required by the statute, and appointed Jeff Wilder, Mrs. Milburn Green, and Milburn Green as trustees in their place. Thereupon Mrs. Collett and Mr. Campbell brought suit against the members of the Bell county board of education and

the new appointees to require the board to recognize them as trustees and to enjoin the new appointees from interfering with them in the exercise of the offices. The circuit court held that the orders of the board declaring vacancies and appointing new trustees were void, and that the original drawing by Mrs. Collett and Mr. Campbell in August, 1932, was also void, and entered an order requiring that they should meet and determine by lot the respective terms for which they should serve. On appeal the judgment was affirmed. Bell County Board of Education v. Collett, 249 Ky. 841, 61 S. W. (2d) 902.

Pursuant to the order of the circuit court, Mrs. Collett and Mr. Campbell drew lots for their respective terms; Mrs. Collett drawing a three-year term, and Mr. Campbell a two-year term. It is insisted that this drawing is also void because Mrs. Green, who was appointed in her husband's place, and whose term expired in July, 1933, was not present at the drawing. Whether Mrs. Green should have been permitted to draw, we need not inquire. The judgment of the circuit court required only Mrs. Collett and Mr. Campbell to draw. The court had jurisdiction of the subject-matter and of the parties. That being true, the order was not void, but at most merely erroneous, and, not having been set aside or appealed from, is binding on the parties and is not now subject to collateral attack. It follows that Mrs. Collett and Mr. Campbell had the power to act, that their recommendation should have been followed by the county board, and that the mandatory injunction was proper.

Judgment affirmed.