## Reynolds, County Superintendent of Schools, et al. v. Spurlock.

(Decided Feb. 1, 1935.)

A. T. W. MANNING and C. P. MOORE for appellants.

J. R. LLEWELLYN and J. J. DAVIS for appellee

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Affirming.

Appellants, defendants below, are the county superintendent, the members of the Jackson county board of education, and Myrtle F. Judd, who was selected to teach and has been teaching the school in Wind Cave subdistrict No. 56 in Jackson county for the school year 1934-35. Mrs. Spurlock had in due time filed her application for the school, but her application was not considered under circumstances developed later.

The lower court, on petition of Mrs. Spurlock, granted an injunction restraining Myrtle F. Judd from teaching the school and directing the board of education to meet and elect Reba Spurlock, and from this order,

in the form of a judgment rendered on final submission, the defendants below have prosecuted this appeal.

Appellee filed her application with the county superintendent of schools some time in May, 1934. It bore the indorsement of H. P. Maupin and William Brandenburg, who at that time were trustees of sub-district No. 56, and it is claimed that, though there had been meetings of the board in the interim between the date of the filing of her application and July 6, 1934, at which time and at a meeting Myrtle Judd was selected to teach the Wind Cave school, her application had not been considered.

On June 30, 1934, Mrs. Judd filed application which was indorsed by H. C. Parrott and Brandenburg, the latter having theretofore indorsed appellee's application, and it is Mrs. Spurlock's contention that the second application was passed upon favorably, and at a time when her application was pending and not having been withdrawn in the form and manner provided by law.

Answer was filed on behalf of all the defendants in which the allegations of appellee's petition were denied, and it was further affirmatively alleged that Mrs. Spurlock's application had been properly withdrawn; that at the time of making her application Mrs. Spurlock did not hold a certificate which would qualify her to teach, and that in obtaining the signature of Brandenburg to her application her husband, John Spurlock, had perpetrated a fraud.

Mrs. Spurlock replied and later filed an amended petition wherein it was admitted that she did not have on file the requisite certificate to teach, but that she had at the time of the filing of her application and at the time of the election of a teacher more than the required number of credits necessary for a certificate entitling her to teach the particular school during the school year 1934-35, and further that under the law she was entitled to an extension of her then held certificate, which would permit her to teach the school for 1934-35. She also alleged that prior to the opening of the school she obtained the extended certificate and filed it with the county superintendent, and this allegation is admitted. She denied any and all allegations as to alleged fraud on the part of John Spurlock in obtaining the signature of Brandenburg to her application. These pleadings were controverted of record.

If there was really an issue on the question of Mrs. Spurlock's proper qualification, i. e., that of not having on file a proper certificate of qualification, it has been heretofore decided by this court that the qualification to teach is to be determined as of the day and time when the applicant begins to fulfill her contract, and not as of the day and date of application. Board of Education for Logan County v. Akers, 243 Ky. 177, 47 S. W. (2d) 1046. By reference to chapter 65 of the Acts of 1934, sec. 2, art. 8, p. 304, it is noted the law provides, in conformity with this court's former opinions, that the qualification is to be thus determined, and it may be observed from a reading of the proof in the case that Mrs. Judd, who was appointed, occupied the same position with regard to qualification, since she did not have on file the claimed necessary qualifying document.

With regard to the allegation of fraud in procuring the signature of Brandenburg to the application af appellee, little need be said, since fraud is neither pleaded nor proven in such a manner as to constitute a defense. The answer does not measure up to requirement, and the proof is far from being sufficient to indicate that degree of fraud which would justify this court in concluding that there was fraud such as would defeat the claim of Mrs. Spurlock.

The only real question in the case, as we view it, is, did the board of education legally select Myrtle Judd as the teacher of the subdistrict? The answer turns on whether or not the prior application of Mrs. Spurlock was legally withdrawn from the board's consideration. The facts with regard to this matter are that on the 11th or 12th of May the two subdistrict trustees indorsed Mrs. Spurlock's application and it was at once filed with the board of education. On June 30th Mrs. Judd's application was signed by Brandenburg and Parrot and filed, and on this recommendation and below the signature of Brandenburg appears the following:

"I hereby withdraw other recommendation."

Much is said in discussion as to whether or not the indorsement as above set out is in fact a withdrawal, since it does not mention Mrs. Spurlock's name, and it is not signed by Brandenburg, who says in proof that he made the indorsement on Mrs. Judd's application because he had received information from some source

that Mrs. Spurlock had no certificate which would permit her to teach, which, as has been shown, was not a legal cause. However, the real question is as to whether or not this form of withdrawal measured up to the requirements of the law. There was no statute prior to 1934 signifying how a withdrawal of a recommendation should or might be made, but this court has on a number of occasions written on this particular subject. Logan County Board of Education v. Funk, 245 Ky. 701, 54 S. W. (2d) 38; Cartee v. Lewis County Board of Education, 242 Ky. 748, 47 S. W. (2d) 742; County Board of Education v. Weatherford, 241 Ky. 66, 43 S. W. (2d) 340, in which latter case the court said, in substance, that a recommendation once made in writing by the subdistrict trustee can be withdrawn in two ways, i. e., by writing signed by the trustee and filed with the board, or by his appearing in person before the board when in session and making the withdrawal orally, and the action of the board should be made to appear of record. It is admitted in evidence that the writing above referred to was all that was before the board at the time Mrs. Judd was selected as teacher. Brandenburg was not present, and it was said by the superintendent that the only reason why Mrs. Spurlock was not selected was because she did not have on file the proper certificate. No record was made of the withdrawal.

It is argued strenuously that the alleged withdrawal was not signed by Brandenburg, and there may be some force in the argument, but it is not at all necessary to determine the question involved on that basis.

It is noted in the opinion of the lower court, which is a part of the record, that, while it was held that the indorsement of Brandenburg is not sufficient in form, the court goes further and points out that at the time of the attempted withdrawal chapter 65 of the Session Acts of 1934 was in effect, and that by section 6½ (b) of article 5 of that chapter it was provided:

"After a written recommendation has been filed with the county board of education, the subdistrict trustee shall not have authority to withdraw such recommendation except for legal cause or by permission of the county board of education. * * *"

That the law of 1934 was in effect and that its

provisions should be followed from the date of its enactment has been decided by this court in Montgomery County Board of Education v. Messer, 257 Ky. 836, —— S. W. (2d) ——, decided January 22, 1935.

It is perfectly clear from the pleadings and proof that neither of the legal methods of withdrawing a theretofore signed recommendation was complied with, and the ruling of the lower court as well as the conclusions expressed in the opinion filed as a part of the record seem to be in conformity with the law. Therefore the court concludes that the lower court properly granted the relief sought by appellee.

Judgment affirmed.