## Bernard v. Sims et al.

June 13, 1939.

As Modified on Denial of Rehearing Oct. 3, 1939.

J. C. Carter, Judge.

L. C. Lawrence for appellant.

Lilburn Phelps for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE RATLIFF—Reversing.

In June, 1938, J. L. Story, who was then superintendent of schools of Russell County, Kentucky, duly nominated and recommended to the board of education of Russell County the appointment of appellant as attendance officer for the county school district for the school year beginning July 1, 1938 and ending June 30, 1939. At a meeting of the board of education held June 13, 1938, composed of only four members, there being one vacancy in the board of education, the recommendation of appellant was acted upon by the board and resulted in two votes in his favor and two against him, and there being a failure of an appointment of an at-

tendance officer, appellant who had been the attendance officer for several years previous, and his then present term expiring June 30, 1938, continued to act as such attendance officer.

J. L. Story's term of office as superintendent of schools expired June 30, 1938, and the appellee J. O. Sims was elected superintendent of schools by the board of education on July 1, 1938, and entered upon the duties of said office. Appellant still continued to act as attendance officer without any further action having been taken by either the board of education or the newly elected superintendent, Sims, until about July 22, at which time Sims notified appellant that his services as attendance officer were no longer needed, and further made known to him his intention to nominate or recommend to the board of education another person for that position. In the meantime, the vacancy which existed in the board of education had been filled and the board then was composed of five members. It appears that the board of education met on the 1st day of July, 1938, and again on July 11, but the recommendation of appellant made by J. L. Story had not been withdrawn either by Story before his term expired or by Sims after he became superintendent of schools on July 1, 1938; nor does it appear that any objections or reasons were shown for the failure of the board to appoint appellant pursuant to the recommendation of J. L. Story.

Appellant brought this suit in the Russell Circuit Court, pleading the facts substantially as we have stated above, naming J. O. Sims, superintendent, and members of the board of education party defendants, and sought an injunction against them to restrain J. O. Sims from recommending to the board any other person for attendance officer and to restrain the board from hiring any other person and prayed for a writ of mandamus directing the defendants in their respective official capacity to appoint him, appellant, attendance officer for Russell County for the school year beginning July 1, 1938, and ending June 30, 1939, as recommended by J. L. Story.

At the time the action was filed, a temporary restraining order was procured from the clerk of the Russell Circuit Court, which order, pursuant to notice, was dissolved by the circuit court, whereupon appellant applied to a member of this court for a temporary order of injunction or reinstatement of the temporary restraining order, which motion was overruled because the mo-

tion was not properly brought before a member of this court, as provided in Section 296 of the Civil Code of Practice.

Upon the return of the case to the circuit court, appellant's petition was considered and heard on its merits and the court sustained a demurrer thereto and dismissed it, and from that judgment appellant has prosecuted this appeal.

There is no question of fact involved and the case must be determined on a question of law, to-wit, whether or not it was the duty of the board of education to appoint appellant attendance officer pursuant to the recommendation of J. L. Story, since there was no reason shown for the board's rejection of the recommendation of J. L. Story.

Section 4434-6, Kentucky Statutes, provides among other things that:

> "Each board of education shall, upon the nomination and recommendation of the superintendent, appoint and fix the salary of an attendance officer and such assistant attendance officers as are deemed necessary. An attendance officer may be appointed for a term of one, two, three, or four years to take office July 1, and shall be responsible to the superintendent of schools, and may be removed for cause at any time by a vote of three members of the board."

The statute makes no provisions or alternative methods for hiring an attendance officer in the event of a disagreement between the superintendent and the board of education, but simply provides that the board *shall* hire an attendance officer upon the recommendation and nomination of the superintendent. We do not find that this section of the statute relating to the hiring of attendance officers has heretofore been construed, but like and similar statutes relating to the hiring of teachers have been construed many times by this court. In Stith et al. v. Powell, County Superintendent of Schools et al., 251 Ky. 155, 64 S. W. (2d) 491, it was held under the provisions of Kentucky Statutes, Sections 4399a-7 to 4399a-11, that the board of education cannot reject nominations made by the county superintendent of schools for principals, assistant principals and teachers for county consolidated high schools except for lack of moral and educational qualifications. To the same ef-

fect, see, also, Logan County Board of Education v. Funk, 245 Ky. 701, 54 S. W. (2d) 38. In the case of Cottongim v. Stewart et al., 277 Ky. 706, 127 S. W. (2d) 149, the county superintendent of schools of Laurel County recommended to the board of education the employment of certain teachers and upon consideration of the recommendation of the superintendent, the majority of the board voted against the recommendees, thereby rejecting the nominations, and it was held that the teachers recommended by the superintendent had a vested right to have their nominations recognized by the board and that subsequent resolutions of the board undertaking to correct the minutes to show that there had never been a vote on the nominations, but only postponement, was ineffective to change the status of those nominated.

If the legislature had intended that the board of education have a discretion in the acceptance or rejection of the recommendees of the superintendent for attendance officer, evidently it would have made specific provisions therefor by providing some alternative method. But in the absence of any such provision appearing in the statute, it appears to us that the language used is mandatory, hence it becomes the duty of the board of education to appoint the recommendee of the superintendent, unless it is shown that such recommendee does not possess the qualifications prescribed by the statute, or other valid reasons shown.

Since the statute provides that the attendance officer shall take office July 1, evidently it was contemplated by the legislature that the attendance officer should be appointed before July 1 in order that he may qualify and enter upon his duties as of that date. But since the board of education failed to appoint appellant before July 1, such failure or illegal rejection did not invalidate his nomination, which continued to be legally. before the board, and it was the duty of the board to appoint him at some subsequent meeting, or at any time, so long as his nomination was legally before it.

Under the authority of the Cottongim case, supra, it appears to us that appellant has a vested right to have his nomination recognized by the board unless, as we have noted, a valid reason be shown for rejecting the nomination and, in the latter event, the superintendent has the right to nominate another qualified person for the position.

For the reasons stated, the judgment is reversed and remanded with directions to overrule the demurrer to the petition.

The Whole Court sitting.