## Beckham et al. v. Kimbell et al (three cases).

April 23, 1940.

Roy M. Shelbourne, Special Judge.

J. D. Via for appellants.

Webb & Webb and N. D. Montgomery for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Reversing.

These three suits for mandamus, filed by teachers and the Superintendent of the Hickman County Schools against the members of the County Board of Education, have been tried together. The plaintiffs appeal from the judgments which dismissed their respective petitions.

It is not necessary to pass on the appellees' motions to strike the bill of exceptions because they were not filed in the circuit court within the period of limitations prescribed by Section 334 of the Civil Code of Practice, for as we view the case the evidence does not control the decision.

The findings of fact by the trial court are supported by the admissions of the pleadings. In brief, they are that the County Superintendent, pursuant to Section 4399-34 of the Statutes, had nominated each of the plaintiffs as teachers in the elementary grades of the colored school at Clinton for the year beginning July 1, 1939; that they are, respectively, of good moral character and possess the proper educational qualifications and certificates. They were nominated at a regular meeting of

the County Board on June 3d and again on June 12th; also after July 1st. The County Board disregarded the recommendations without legal authority or justification. After the institution of these suits for mandamus to compel the recognition of the plaintiffs as teachers, the Board had expressly declined to approve the nominations and had appealed to the State Board of Education to review their disagreement with the County Superintendent in accordance with the provisions of Section 4399-34 of the Statutes. The State Board of Education, after a hearing, had approved and ratified the action of the County Board. The court's conclusions of law were that it was incumbent upon the County Board to accept the nominations and elect the plaintiffs as teachers, but the appeal and the action of the State Board precluded the court from so adjudging, the suits being regarded as collateral attacks upon that action. We may add to those facts that, as disclosed in the answers, after the several nominations of the plaintiffs had been made, the County Board had postponed action thereon from time to time until August 11th—one week after the suits were filed. It was then voted not to approve the nominations and to choose others for the places although they had not been recommended by the Superintendent. It was at this meeting that the appeal to the State Board was directed to be taken. According to the answers the Board had rejected the nomination of Mattie Allison because she "is not a fit or suitable person to give proper service;" of Harriett Webb because she "is not a fit or suitable person physically to give proper service;" and of Ernest Cooper because he "is cruel and inhuman to the children under his charge and is unfit and an unsuitable teacher in the schools." Without regarding the tardiness of the disapproval, we think it apparent that these conclusions do not constitute sufficient pleading of legal causes for having rejected the nominations.

The School Code, as consistently construed by this court, gives the authority to and places the responsibility of naming teachers of this class upon the County Superintendent. The requirement of approval by the County Board of Education is to afford a check upon the qualifications of the teachers. It is in accord with the salutary principle of our form of government of establishing checks and balances in order to prevent the exer-

cise of arbitrary or dictatorial powers by any individual or group of public officers. But as has been several times declared, this prerogative or power of the County Board of Education, as given in the present and former statutes, must not itself be exercised arbitrarily. The power is a limited one. The Board must present some legal cause for not approving the Superintendents nominations. The nomination in the course of the statute of a teacher possessing the requisite qualifications gives him the prima facie right of approval and the burden of showing legal disqualification rests upon the Board of Education. Cartee v. Lewis County Board of Education, 242 Ky. 748, 47 S. W. (2d) 742; Stith v. Powell, 251 Ky. 155, 64 S. W. (2d) 491; Bell County Board of Education v. Taylor, 254 Ky. 447, 71 S. W. (2d) 1005; Cottongim v. Stewart, 277 Ky. 706, 127 S. W. (2d) 149. It may be observed, in passing, that as a part of the system of checks and balances the Superintendent is an appointee of the County Board and subject to removal by them for cause. Section 4399-34, Statutes.

The statute establishes the school year throughout the state as beginning July 1st. Section 4363-3. While it provides that the County Superintendent may nominate the teachers after April 1st next preceding the beginning of the school year (Section 4399-34), it does not specifically prescribe any date before it shall be done. We have held, however, that it was the intention of the statute to have the nominations made and acted upon not later than the beginning of the school year, July 1st, even though the particular school might not open until a later date. Cottongim v. Stewart, supra; Bernard v. Sims, 279 Ky. 565, 131 S. W. (2d) 505. In these instances, the nominations of the plaintiffs were seasonably made. By postponing approval without timely showing legal cause for disapproval, the Board could not defeat the processes of the law by which the teachers are required to be chosen, nor divest them of their rights. The defendants pleaded that the year before they had made objections to these teachers upon the same grounds, but when suits had been filed to enforce their nominations the Board had then approved them in connection with a proposed arbitration of the differences existing between the Superintendent and the Board of Education. This disclosure emphasizes the purpose not to concur in the appointments. Under these circum-

652

stances, we construe the inaction of the Board as equivalent to a rejection of the nominations, and, as we have shown, it was without showing cause—none before rejection and, as pleaded, no legal cause after rejection.

Section 4399-34, of the Statutes provides:

"In the event the board of education cannot agree with the superintendent as to any certified person recommended by such superintendent, such board of education may appeal to the State Board of Education to review the case and the decision of the State Board of Education shall be final."

We construe this to afford a means of breaking a deadlock or stalemate which has been reached by a good faith conflict between the County Superintendent and the Board of Education arising when each has exercised his or their respective prerogatives in accordance with some provision of the law. Thus, if the Board should seasonably decline to approve a nomination of a teacher for legal cause, and neither they nor the Superintendent will recede from their respective positions, this statute affords a wise and sufficient process for arbitrating or settling the issue. But where the Board has actually or constructively refused approval without legal justification, as in the present cases, and the parties have resorted to the court for relief in due course, then the provision for appeal to the State Board is not applicable. We cannot concur in the conclusion of the trial court, therefore, that the appeal and the decision of the State Board deprived the court of jurisdiction.

Wherefore the judgments are reversed.