## Duff v. Chaney et al.

April 21, 1942.

Rodes, Willock and John B. Rodes for appellant.

J. Lee Moore, G. Sam Milam and Laurence Finn for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Reversing.

Appellant instituted this action on August 19, 1940, seeking damages against appellees, Cephus Chaney, Ben Baird, Robert Wade, members of the board of education of Simpson county, and Herbert Foster, superintendent of its schools. The basis of the complaint is that she was deprived by appellees of her right to perform the duties and receive the emoluments of the position of assistant high school teacher at the Middleton High School. In addition to the allegations in respect to her qualifications to teach the school she averred that appellees, Chaney, Baird, and Wade were members of the board in June, 1938, at which time Duff was superintendent; Duff's term expired on the 30th day of June, 1938, and defendant Foster's term commenced on the following day; at meetings held in May and June, 1938, the then superintendent

presented in writing to the board his nominations and recommendations for employment of teachers in the Simpson county public schools; at that time appellant was nominated and recommended to the position of assistant high school teacher in the Middleton High School. She further alleged that, acting with the common and unlawful purpose of preventing her employment, the defendant board members voted not to proceed with the election of teachers before July 1, 1938; at the regular meeting held on July 4, 1938, the defendant Foster as superintendent of schools and secretary of the board, in disregard of his predecessor's nominations and recommendations, presented new nominations to the school board and substituted his wife's name in place of the name of plaintiff for the position to which the latter had theretofore been recommended. She asked for damages in the sum of $783 representing the salary attendant upon the position to which she claims to have been rightfully entitled for the school year commencing August, 1938, and continuing 9 months thereafter.

By appropriate pleadings defense was made that (1) superintendent Duff did not nominate plaintiff for the position she claimed, or for any other position; (2) plaintiff was guilty of laches and thereby estopped to assert her claim, because she failed to institute an action to require the board to elect her to the position before the board paid the substitute teacher, and this action was not commenced until the expiration of 2 years and 3 months following the employment of Mrs. Foster; and, (3) that in refusing to act on the nomination of Duff, the defendant members of the board were acting on the advice of the attorney general. It is further argued that in no event can the defendant Foster who took office July 1, 1938, be held liable, because plaintiff's action is based entirely on the action of the board of education at the meetings held May 2 and June 6, 1938, before Foster's term commenced.

The chancellor found that Mrs. Duff had been nominated and recommended for the position she claims at the regular meeting held in May, 1938, and that the list of nominations was again submitted, or, at least, the attention of the members of the board was called to it at the regular meeting held in June, 1938, at which time the defendant board members were present, and in the words of the chancellor:

"The three defendants, constituting a majority of the board of education of Simpson county, deferred action on this request each time, evidently actuated by a desire to get away from the policies of former superintendent Duff."

However he denied plaintiff relief, because she had failed to institute action before the board paid the substitute teacher the salary appropriated for the position; in effect, granting relief to the defendants on their plea of estoppel.

In the construction of Section 4399-34 of the Statutes we have held that it is the duty of the superintendent of a school district to nominate teachers for the ensuing year, and, in the absence of a showing of cause to the contrary, the teacher recommended has a vested right to have her nomination recognized by the board before the school year begins. Since the school year begins July 1, these duties necessarily devolve upon the superintendent and the board prior to that time. Cottongim v. Stewart, 283 Ky. 615, 142 S. W. (2d) 171; Amburgey v. Draughn, 288 Ky. 128, 155 S. W. (2d) 740; Wisdom's Adm'r v. Sims, and consolidated cases, 284 Ky. 258, 144 S. W. (2d) 232. Counsel for appellees concede such to be the law by failing to contend otherwise in their brief. On that account and since these principles are so fully discussed in the case of Cottongim v. Stewart, supra, we will refrain from further elaboration in respect thereto. In the two cases first above cited it was held that damages are allowable against the members of the board failing to perform their legal duties to approve the employment of the nominee of the superintendent, although the board in its official capacity is exempt from liability where it has paid a substitute teacher the money appropriated for the position. The above cited cases likewise held that where one who is legally qualified for the position (and it is not contended that plaintiff is not), who has been duly nominated by the proper officer, and whose name has never been withdrawn acquires a vested right to teach and to receive the emoluments of the employment as certainly as if a contract had been executed with the approval of the board. Although the duties of nominating and approving the nomination devolve upon the superintendent and the board, respectively, prior to July 1, the person so nominated does not have the right to recover damages from the in-

dividual members of the board until they have committed some act (such as paying a substitute) which prevents the person entitled to the position from collecting the emoluments thereof out of the fund appropriated by the board therefor. Before a substitute can be paid from the school fund he must be nominated by the superintendent; and, since the nomination starts in motion the machinery (and in the absence of which it could not start) by which damages to the person lawfully entitled to the position are wrought, he becomes as much a party to the act which is the basis for the claim as does a member of the board itself. Foster was the superintendent at the time the substitute was nominated and paid. Therefore, no distinction can be made in the liability, if any, of the various defendants. It is apparent, therefore, that plaintiff is entitled to recover if the chancellor did not err in his finding that superintendent Duff placed her name in nomination; or, unless, by failing to institute this suit at an earlier date, plaintiff was guilty of laches such as estopped her from maintaining the action, which questions we will discuss in respective order.

The case was instituted in equity, tried on depositions, and treated as an equitable action in the court below; therefore, in conformity with previous decisions, we will apply the rule applicable to strictly equitable cases, viz., the chancellor's finding in respect to the facts will be sustained unless the evidence raises more than a doubt in our minds as to the correctness of his finding. Friel v. Grayson Road Corporation, 226 Ky. 794, 11 S. W. (2d) 943.

The minutes of the meeting of June 6, 1938, as originally prepared and copied in the minute book show the nomination to have been made. Before ratifying and approving the minutes for that meeting the board ordered that part of the minutes to be expunged. It is the contention of plaintiff that the expunged part of the record was an accurate account of what occurred, while it is the contention of the defendants that it was expunged because it was not an accurate account of what occurred. In support of her contention, plaintiff introduced superintendent Duff and the two members of the board who were not parties to the action. All testified that the nominations were made May 2, 1938, and June 6, 1938. Despite the fact that defendant Wade testified no nominations were made, the evidence for the defend-

ants seems to us to corroborate the contention of plaintiff for the following reasons: Defendant Chaney upon examination as to what occurred at the meeting of June 6 stated positively that Mr. Duff made no nominations, but, when asked the following questions, made the following answers:

"Q. Then why in your first Monday in July meeting did you reject and expunge Duff's recommendations? A. Because they were out of order, he did not bring them up (at the June meeting) until after the motion was made to not elect the teachers that day, then he was out of order to come up with that later.

"Q. You mean to say that he did not tell you, the superintendent did not inform you of his recommendations? A. He did after we had a motion not to elect them.

"Q. At the regular meeting in June, then you say that it was after the motion was made not to elect them that day? A. It was on June 6th."

It is clear from this testimony that plaintiff was nominated for her position at the June 6th meeting and the basis for defendant's contention that she was not is the erroneous conclusion expressed by the witness that the motion was out of order.

Defendant Baird gave the following evasive answers to the following questions:

"Q. The simple truth is, Mr. Baird, that you and Mr. Chaney were not going to elect any teachers until the new Superintendent went in, were you, isn't that true? A. We hadn't had any agreement about it.

"Q. Well strike out the agreement, hadn't you made up your mind not to elect any teachers until the new Superintendent came in? A. That is the way we were advised.

"Q. And being advised, you did? A. We did.

"Q. And for that reason you made the motion that day, isn't that true? A. I don't remember.

"Q. Hadn't you made up your mind not to consider any recommendations for the election of teachers for that day, isn't that true? A. I don't remember."

Thus we have three witnesses testifying positively the recommendations were made, one positively that they were not and two of the defendants testifying they were not but admitting on cross examination that they were. Under these circumstances we are of the opinion that the chancellor correctly found the recommendations were made previous to July 1 and that the defendant members of the board refused to perform their mandatory duties.

We find nothing in this record to suggest that the plaintiff performed any act or failed to perform any act which would lead the defendants to believe that she acquiesced in the appointment of a substitute for her and thus induced the board to pay the substitute without determining whether they had the right to do so. The relief for breach of contract is an action to recover damages resulting from the breach. 12 Am. Jur. Section 388, page 965; 17 C. J. S., Contracts, Sections 457, 458, pages 942, 943. Such procedure must be resorted to by the injured party unless the circumstances of the case render it impossible for the wrong to be remedied in that manner. In the latter event a court of equity will decree specific performance. Where it is incumbent upon the school board to approve the nomination of a duly recommended teacher and it refuses to do so and is about to commit an act which will make it impossible for the nominee to collect from the board, a court of equity will take jurisdiction and decree specific performance. Beckham v. Kimbell, 282 Ky. 648, 139 S. W. (2d) 747. If the claimant does not ask for specific performance in such case and the board employs a substitute and pays him from the fund which would otherwise have been used in payment of the salary of the claimant, we have consistently held, in effect, that the claimant is estopped to collect from the board; but, no such plea is available to an individual member of the board who has committed an act which has done injury to the plaintiff. If the injured party elects to pursue his remedy against an individual member of the board, there is but one remedy available, that is a suit for damages. Because the board member cannot, as an individual, specifically perform the contract, no action will lie to require him to do so. Plaintiff had the right to have the contract specifically performed had she instituted such an action against the board; and her failure to do so no doubt would have been sufficient to support a plea of laches in an action for damages against the board; but, because the reliefs are alternate,

such failure did not preclude her right to recover damages for the breach of contract from the individuals whose actions caused the breach.

Finally it is argued the defendants should be excused from liability because, they say, they had been advised by the Attorney General to follow the course giving rise to this cause of action. It is unnecessary for us to determine the validity of such a defense because it does not appear in this record that the Simpson County school board, any of its members, or anyone representing it either sought or received advice from the Attorney General or any of his assistants in respect to this particular controversy, or the proceedings of the board giving rise to this cause of action.

Wherefore, the judgment is reversed for proceedings consistent with this opinion.