## Bernard v. Humble.

May 9, 1944.

L. C. Lawrence for appellant.

Marvin J. Sternberg for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Reversing.

This action was originally instituted in 1938 by appellant against J. O. Sims, superintendent of schools, and the board of education of Russell county, Kentucky, seeking an injunction against them to restrain them from hiring another person as school attendance officer for Russell County and to require defendants to hire appellant in accordance with the recommendation and nomination made by J. L. Story in June, 1938, who was

then superintendent of schools of Russell County. After motions for injunctions, etc., had been disposed of the circuit court sustained a demurrer to appellant's petition and dismissed it, and from that judgment he prosecuted an appeal to this court. However, the present appellee was not a party to that litigation, and the appellees in that appeal are not involved in this appeal, as will be explained in the course of this opinion. See Bernard v. Sims et al., 279 Ky. 565, 131 S.W. 2d 505, to which reference is made and which opinion may be read in connection with the present one for a history of the facts and the law with respect to appellant's right to be appointed attendance officer.

While the former litigation was pending, on October 12, 1938, J. O. Sims, the superintendent of schools of Russell County, and the board of education hired the appellee, Ora Dell Humble, as attendance officer for Russell County, the position to which appellant had been recommended, and she served as such and drew the salary of the office until June 30, 1939. After the case was returned to the circuit court pursuant to the reversal of the judgment in the case supra, in May, 1940, appellant filed his amended petition making appellee a party defendant and prayed judgment against the superintendent and the members of the board of education and appellee severally and jointly in the sum of $1,200 subject to a small credit, with interest on each monthly payment of $100 at the rate of 6% per annum until paid. On October 22, 1941, the board of education and appellant reached an agreed judgment whereby the board of education paid appellant the sum of $360 and the cost of the action up to that time, except the cost of appellee, which agreed judgment was signed and approved by the Honorable J. C. Carter, circuit judge, and it was specifically agreed and provided that the agreed judgment should in no way prejudice appellant's rights against appellee and the action was continued as against her whereby he sought to recover of her the balance of the salary of the office, or the sum of $720, in addition to the $360 paid by the county board pursuant to the agreed judgment. The issues were made and the evidence taken and the circuit court rendered judgment adjudging appellant one-cent nominal damages and his cost against appellee, upon the ground that appellant had not used due diligence to procure other employment or minimize the damages. This appeals follows.

The questions presented on the appeal are (1) was it the duty of the appellant to minimize the damages, and (2) if so, does the evidence show that he used due diligence in seeking other employment and thereby minimize the damages? It is insisted for appellant that he was a de jure officer and the appellee a de facto officer and in such cases the de jure officer is entitled to the salary of the office as against the de facto officer and may recover same of the latter, and no duty is incumbent upon the de jure officer, or the one entitled to the office, to minimize damages. As to whether or not a school attendance officer is a public officer in the usual sense or acceptation of those words has not been determined by this court. In Cottongim et al. v. Stewart et al., 283 Ky. 615, 142 S.W. 2d 171, it was held that common school teachers are state employees and not, properly speaking public officers yet their employment is in a public capacity, and they are treated in some cases as public officials and in others they are not. Carroll's Kentucky Statutes, sections 4399a-7 to 4399a-11, provides for the nomination of teachers for the various schools by the county superintendent of schools and it is the duty of the board of education to hire such teacher or teachers nominated or recommended by the county superintendent unless legal reasons are shown for the rejection of the nomination, and section 4434-6, Carroll's Kentucky Statutes, provides for the appointment of an attendance officer in the same manner as that provided for the appointment or election of teachers which has also been held compulsory upon the board of education unless legal reasons are shown for the rejection of such recommendee. Bernard v. Sims et al., supra, and cases cited therein. It is thus seen that the method of appointment or hiring of teachers and attendance officers is the same but that does not mean that they are of equal rank or dignity with respect to whether they are officers or only public employees. That depends upon the nature of their duties and the authority vested in them by law. Carroll's Kentucky Statutes, 1936 Revision, sections 4434-6 to 4434-13, now KRS, 159.080, 159.100, 159.110, 159.120, 159.130, 159.-140, inclusive.

Section 4434-6, Carroll's Kentucky Statutes, provides, among other things, that an attendance officer may be appointed for a term of one, two, three or four years, to take office on July 1, and shall be required to take

an oath of office. Section 4434-13, Carroll's Kentucky Statutes, provides that the attendance officer and assistant attendance officer shall be vested with police powers and authority to serve warrants and shall have authority to enter workshops, factories, stores and all other places where children are employed and do whatever may be necessary in the way of investigation or otherwise to enforce the laws relating to compulsory attendance and employment of children of compulsory school age. The difference between the powers and authorities granted teachers and attendance officers by the statutes is at once apparent. Teachers are not appointed or elected for any definite term except by contract to teach the term of school fixed by law, and are not required to take an oath of office and have no police power or authority to serve warrants or various other authorities granted attendance officers by the statutes.

In City of Louisville v. Wilson et al., 99 Ky. 598, 36 S.W. 944, it was held that if a person be invested with some portion of the functions of government to be exercised for public benefit, he is an officer. To the same effect, see the cases of Shanks, Auditor v. Howes, Clerk, 214 Ky. 613, 283 S.W. 966; Fox, County Judge v. Lantrip et al., 162 Ky. 178, 172 S.W. 133. In Alvey v. Brigham et al., 286 Ky. 610, 150 S.W. 2d 935, 942, 135 A.L.R. 1024, it is said:

" 'It may be stated as a general rule, fairly deducible from the cases discussing the question, that a position is a public office when it is created by law, which involve an exercise of some portion of the sovereign power and in the performance of which the public is concerned, and which also are continuing in their nature, and not occasional or intermittent, while a public employment, on the other hand, is a position which lacks one or more of the foregoing elements.' "

We think the statutes, supra, bring school attendance officers within the principles of the cases cited, supra. The office is created by law for a fixed term; the appointee is required to take an oath of office and is invested with certain portions of the functions of government to be exercised for the public benefit.

It is not disputed that if the position of school attendance officer is a public office as distinguished from the position of public employment, such as teachers or other contract employees (Cottongim v. Stewart et al.,

283 Ky. 615, 142 S.W. 2d 171; Newport Dairy Company v. Shackleford, 261 Ky. 754, 88 S.W. 2d 940), appellant is entitled to recover of appellee the salary of the office and appellant was under no duty to seek other employment or otherwise minimize the damages. Since we have concluded that the position of school attendance officer is a public office, it follows that appellant is entitled to recover of appellee the amount paid by the board of education to appellee less, however, the $360 credit paid by the board of education pursuant to the agreed judgment between the board and appellant. Hubbard v. Ledford, 258 Ky. 704, 81 S.W. 2d 569.

Wherefore, the judgment is reversed and remanded for proceedings consistent with this opinion.