**BOARD OF EDUCATION OF LONDON IN-DEPENDENT SCHOOL DISTRICT et al., Appellants,**

v.

**Opal D. MILLER, Appellee.**

Court of Appeals of Kentucky.

March 1, 1957.

Charles G. Cole, Jr., Earl L. Cole, Barbourville, for appellants.

Lewis & Weaver, William J. Weaver, London, for appellee.

CAMMACK, Judge.

Opal D. Miller was employed by the Board of Education of the London Independent School District for more than 20 years in a dual capacity as part-time clerk to the Superintendent and as attendance officer. In April, 1955, the Superintendent recommended to the five man Board that Opal be employed as both clerk and attendance officer for the school year beginning July 1, 1955. By a vote of three to two, the Board declined to so employ Opal again. The Superintendent did not recommend anyone else to fill the positions formerly held by Opal.

In August of 1955, Opal filed a complaint against the London Board and the three members who voted against her, asking that the Board be ordered to employ her in the positions formerly held by her. She sought a writ of mandamus to have the Board accept the recommendation of the Superintendent and also to have it pay her salary for July and August. A temporary writ was issued immediately. On October 13, 1955, the Board filed a formal appeal with the State Board of Education, which set forth the inability of the local Board to agree with the Superintendent about an appointee to fill Opal's positions. It sought a ruling on the question of Opal's employment. On the following day, the case was called for trial by the trial judge. The local Board declined to introduce any evidence, and the trial judge entered a judgment in favor of Opal, ordering the Board to employ her for the year ending June 30, 1956, and to pay her a salary of $3,000.

On this appeal, the London Board argues that the trial court was divested of jurisdiction when the appeal was taken to the State Board of Education in conformity with the provisions of KRS 160.380, and also that Opal could not be employed both as attendance officer and clerk in view of KRS 159.140(1). Both sections of the Statutes will be referred to hereinafter

KRS 160.380 provides that in the event of disagreement between a superintendent and a board over a person recommended by the superintendent, the board may appeal to the State Board of Education for a review of the case. The statute was designed to provide an orderly and speedy process for disposing of good-faith school disputes. A local board may not postpone approval of a superintend-

ent's recommendations without seasonably showing legal cause for disapproval. Beckham v. Kimbell, 282 Ky. 648, 139 S.W.2d 747. So far as we can determine from the record, the only reason given by the London Board for declining to employ Opal at the time the matter came before it was that the members desired a man to fill the position. Not until Opal's complaint was filed did the Board take the position that Opal was prohibited by statute, KRS 159.140(1), from filling the positions of both clerk and attendance officer. Where a local board refuses approval of a superintendent's recommendations without legal justification, and the party aggrieved has resorted to the courts for relief, jurisdiction attaches; the provision for appeal to the State Board of Education is no longer applicable. Beckham v. Kimbell, 282 Ky. 648, 139 S.W.2d 747.

We consider the argument that Opal's employment in a dual capacity was in violation of KRS 159.140(1) to be determinative of the matter. It is unnecessary, therefore, to discuss other issues raised. KRS 159.140(1) requires that the attendance officer shall "Devote his entire time to the duties of his office; * * *" KRS 159.140(9), 1955 Edition, in our opinion, does not modify the mandatory requirement that full time be devoted to the duties of the office. KRS 159.140(9) follows a listing of specific duties to be performed by an attendance officer, and provides that he shall perform any other duties assigned him by the district board or by the State Board of Education. Construed in relation to the other sections of KRS 159.140, it can have reference only to duties bearing some relation to the functions of the office of attendance officer; it cannot include duties bearing little or no relation to the office itself. In her past employment contracts with the Board, Opal listed her job as part-time

clerk to the Superintendent, and estimated that it would require one-half of her time. The Legislature may provide that a public officer devote his entire time to his duties, whether or not the entire time of the officer is in fact required for the complete and faithful performance of his duties. Miller v. Walley, 122 Miss. 521, 84 So. 466. Our Legislature has so directed in the case of attendance officers. Regardless of where the equities may lie here, the statute speaks plainly, and its provisions are mandatory. Opal has no legal right to retain her employment in direct contravention of an express statutory provision.

Judgment reversed, with directions to set it aside, and for the entry of a judgment in conformity with this opinion. Judge BIRD dissenting.

BIRD, Judge (dissenting).

The construction placed on KRS 159.140 (1) in this opinion unduly limits the activities of the attendance officer. It, in substance, provides that an attendance officer whose duties are not sufficient to keep him employed full time must do nothing else in promotion of the school program even though the salary attached is sufficient compensation for full time service. Such construction is inconsistent with the principles of sound governmental economy and could not have been the intention of the General Assembly. The dual capacity employment as clerk-attendance officer is wholly consistent with KRS 159.140(9). Opal Miller, without being designated as clerk-attendance officer, could be and was required by the Board of Education to perform the duties of clerk to the superintendent under subsection (9) of KRS 159.140.

I cannot concur in a reversal upon the ground assigned.