## Crowe v. Yates.

(Decided March 18, 1927.)

### Appeal from Casey Circuit Court.

Schools and School Districts.—Primary teacher whose certificate expired July 1st held validly elected by school trustees in April, where contract of employment required her to obtain lawful certificate in May examination, and she obtained such certificate, since requirement for certificate in Ky. Stats., section 4472, applies to time duties begin.

CHARLES H. FAIR and C. C. BAGBY for appellant.

CHARLES F. MONTGOMERY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY— Affirming.

On April 30, 1926, the board of trustees of the Gum Lick graded school elected Clara Yates a primary teacher for the 1926-27 term at a salary of $60.00 a month. At that time Clara Yates held a certificate that expired July 1, 1926, and entitled her to teach any grade in the public schools from the first to the eighth, inclusive. At the time of the election the parties entered into a written contract of employment which contained the proviso that should Clara Yates fail to make a lawful certificate in the May examination, 1926, the contract was null and void. However, she was successful in the May examination and was awarded a certificate dated June 15, 1926, and expiring June 30, 1928.

At the election of trustees in May, 1926, three new trustees were elected in the places of three of the old trustees, who participated in the election of Clara Yates. Clara Yates began teaching on July 5, and on July 12, 1926, the three new trustees elected and contracted with Pauline Crowe, who held a first class certificate, to teach the grades then being taught by Clara Yates. At the same time an order was entered of record and signed by them stating that they would not pay Clara Yates for teaching under her contract. Thereafter Clara Yates taught for about two months, but was refused any compensation for her services.

On September 24, Clara Yates brought an action in which she sought a mandatory injunction compelling the

board of trustees to recognize her as the teacher, and to pay her according to her contract. About the same time Pauline Crowe filed an action against Clara Yates in which she sought an injunction restraining her from teaching the school, and compelling her to relinquish the school in plaintiff's favor. By agreement the two actions were consolidated and tried together. On final hearing Pauline Crowe's petition was dismissed and Clara Yates was awarded an injunction directing the board to recognize her as teacher and to pay her salary according to contract. Pauline Crowe alone appeals.

Section 4472, Kentucky Statutes, Baldwin's 1926 Supp., provides.

"Boards of trustees shall appoint for the schools under their respective jurisdiction a principal and all teachers, fix their compensation and dismiss them for immorality, misconduct, incompetency, insubordination, or wilful neglect of duty. Provided that in each case the charge be made in writing and that the principal or teacher be given an opportunity on not less than ten (10) days' notice to be heard in person or by counsel and to present witnesses in defense. Provided further, that no principal or teacher shall be employed who does not hold the kind and grade of certificate required by law and issued by the state board of education."

It is the contention of appellant that the language of the proviso, "that no principal or teacher shall be employed who does not hold the kind and grade of certificate required by law and issued by the state board of education," means that no principal or teacher shall be employed who at the time of his employment does not possess a certificate covering the period for which he is employed. The question must be considered from a practical and common sense standpoint. Necessarily, there are many teachers throughout the state whose certificates will expire on July 1st of each year. If boards of trustees are compelled to await the results of the spring examination before any contracts of employment can be made, more or less confusion and uncertainty will follow. On the one hand the services of a satisfactory teacher may be lost, and on the other hand the teacher may find that all desirable positions have been filled.

Therefore, it is highly desirable, both from the standpoint of the schools and of the teachers, that the teachers be elected as soon as practicable. Ordinarily, it is sufficient if an officer possesses the requisite qualifications when he enters upon the duties of his office, and the possession of such qualifications at the time of his election should not be held essential unless such is the clear intent of the statute. The proviso in question does not clearly provide that the teacher shall possess the requisite certificate at the time the contract is made. Its purpose was to prevent boards of trustees from placing in the schools and paying out the public money to persons who are not qualified to teach. This purpose is accomplished if the teacher is qualified when he begins to teach. As Miss Yates was elected subject to the results of the May examination, and as she was successful in that examination and was awarded and possessed a certificate entitling her to teach when she entered upon the duties of her office, it follows that her election was valid, and that the board of trustees had no power to elect appellant in her place.

Judgment affirmed.