

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable M. A. "Bill" Bundy, Chairman
Eleemosynary Investigating Committee
House of Representatives
Austin, Texas

Dear Sir:

Opinion No. O-3067
Re: The irrevocability of the
election by the Board of
Control of a superintend-
ent of a State Hospital
under the described facts.

We are pleased to reply to your letter of August 2,
1941, requesting a legal opinion from this department touching
the question stated by you as follows:

"The Board of Control having elected a
superintendent of a State Hospital under its
control, and the superintendent having made a
bond and having taken the legal oath within
the required time, and having accepted the
position for the ensuing biennium, beginning
September 1, 1941, can the Board of Control
now rescind its action in appointing such
superintendent?"

Article 691, Revised Civil Statutes of Texas, provides
as follows regarding the election or appointment by the Board of
Control of a superintendant of a State hospital:

"The Board shall elect a superintandent
for each institution under its control. Each
superintendent shall have had special advantages
and practical experience in the management of
the class of persons committed to his charge.
The term of office shall be two years, subject
to removal by the Board for good cause."

In Knox, et al v. Johnson, 141 S. W. (2d) 698, writ refused, it was held that the superintendent of a State hospital, appointed by the Board of Control pursuant to the provisions of Article 691, supra, is an officer of the State of Texas; that the Board of Control is purely an administrative agency of the State Government of legislative creation; and that the Board of Control cannot effect the removal of such officer except in compliance with the mandate of the Constitution requiring a trial in a court of competent jurisdiction with a judicial determination of whether good cause exists for such removal.

There is, of course, a distinction between the re-consideration of an appointment to an office, and a removal from such office. The former arises when the collective body in which a power of appointment has been vested experiences a change of heart with respect to its selection and desires to re-consider and rescind the appointment. In the case of a removal from office, it is admitted that the title to the office has vested in the appointee and that he has entered upon and rightfully holds the office, the effort being to forfeit his title to the office and oust him therefrom.

The great weight of authority in the United States is that an appointment once made is irrevocable and not subject to re-consideration. It was early declared in the case of Marbury v. Madison, 1 Cranch 137, 2 L. Ed. 60:

> "Some point of time must be taken when the power of the executive over an officer, not removable at his will, must cease. That point of time must be when the Constitutional power of appointment has been exercised. And this power has been exercised when the last act, required from the person possessing the power, has been performed."

The general rule is stated in Scofield v. Starr, 78 Conn. 636, 63 Atl. 512, 513:

> "The appointment of an officer, once made, cannot be revoked by the appointing power, unless permissible under the power of removal. This is true of appointments made by a single executive, an executive board, a court, or a legislative body or board."

Honorable M. A. "Bill" Bundy, Page 3


In Casler v. Tanzer, 234 N. Y. S. 571, 580, it was said:

"By the charter and ordinance above refer-
red to, the appointees for assessors hold for a
definite term. Upon taking the oath of office,
the title to the office vests in the appointees.
Once the act of appointment is performed, the ap-
pointee complies with the requirements of a stat-
ute by taking his oath of office, his appointment
is irrevocable."

The case of State Ex rel v. Tyrrell, 158 Wis. 425, 149
N. W. 280, Annotated Cases 1916E, 270, involved the appointment
of a city attorney by the common council pursuant to the city
charter. With reference thereto, the Supreme Court of Wisconsin
said:

"Moreover, after the election of relator,
acceptance of the office and qualification by
him, the council had no power to reconsider
and elect another."

It should be pointed out in this connection that the
use of the term "elect" in Article 691, supra, rather than the
word "appoint," is of no significance in the matter before us.

In the case just mentioned, it was said that the power
of the council with respect to the appointment was the same whether
the term "elect" or "appoint" was used, and that, although the
charter used the term "elect," the power was in reality an appoint-
ing power. See also Conger v. Gilmer, 32 Cal. 76.

The Kentucky case of Board of Education v. McChesney,
235, Ky. 692, 32 S. W. (2d) 26, involved the action of the board
in appointing a county superintendent on April 5, 1930, for the
term of one year beginning July 1, 1930. At a meeting of the
board held on June 7, 1930, the board attempted to rescind its
action taken in April and to revoke the appointment. After recog-
nizing that prospective appointments to office, made within a rea-
sonable time in advance of the time a vacancy will arise, are gen-
erally deemed valid, the court said:

"* * *. The board of education has nothing
to do with inducting into office the person chosen
by it to be county superintendent. Its function

Honorable M. A. "Bill" Bundy, Page 4

is fully performed when it makes the choice. The superintendent merely takes the oath and assumes the duties of the office. * * *. When a power is given and has been exercised, and the repository of the power has no further control over the subject, except to remove the appointee for cause, the appointing power is exhausted and may not be reconsidered. If the power belongs to a board, its act is complete when the meeting has adjourned. What remains to be done to complete the occupation of the office must be done by the appointee and not by the appointing power. * * *. McChesney v. Sampson, 232 Ky. 395, 23 S. W. (2d) 584; Crowe v. Yates, 219 Ky. 49, 292 S. W. 483. An appointment to office once completed is irrevocable. 46 C. J. p. 954, § 69. It is completed when the last act of the appointing authority has been accomplished. Marbury v. Madison, 1 Cranch, 137, 2 L. Ed. 60; People v. Cazneau, 20 Cal. 503; State v. Barbour, 53 Conn. 76, 22 A. 686, 55 Am. Rep. 65; State v. Starr, 78 Conn. 636, 63 A. 512; Speed v. Detroit, 97 Mich. 198, 56 N. W. 570; Haight v. Love, 39 N. J. Law, 14, affirmed 39 N. J. Law, 476, 23 Am. Rep. 234; Witherspoon v. State, 138 Miss. 310, 103 So. 134. An appointment, in some cases, is held to become absolute when the result has been ascertained and announced. State v. Starr, 78 Conn. 636, 63 A. 512; Baker v. Cushman, 127 Mass. 105; Carpenter v. Sprague, 45 R. I. 29, 119 A. 561; State v. Barbour, 53 Conn. 76, 22 A. 686, 55 Am. Rep. 65. In others, it is not completed until termination of the meeting at which the appointment is made. Allen v. Morton, 94 Ark. 405, 127 S. W. 450. * * *."

From the facts stated in your question, it appears that the appointment of the superintendent in question has been finally completed. There remains nothing else to be done by the Board of Control. The appointee has accepted the appointment, taken the oath of office, and made the requisite bond. He awaits only the arrival of September 1, 1941, to enter upon the term of office for which he was appointed. And the terms of office of the members of the appointing power, the Board of Control, will extend beyond this date.

Honorable M. A. "Bill" Bundy, Page 5

Under these facts, it is the opinion of this department that the appointment of such superintendent is irrevocable and that the Board of Control is without legal authority to reconsider its action, rescind the appointment made, and appoint another superintendent.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Zollie C. Steakley
Assistant

ZCS:RS

APPROVED AUG 21, 1941

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY [illegible] 73
CHAIRMAN